HeNsersoN, Chief-Justice.,
 

 What would be the effect of a payment by the administrator to a distributee* after an assignment by the distributee, and notice thereof to the administrator, does not arise. in this case. For this action affirms the delivery of the slave in question to the distributee, and claims the benefit thereof. ,Noi* need we examine the regularity of the proceedings of the County Court, in ordering a division of the intestate’s estate; for both the plaintiffs and defendant claim under it. In fact, the delivery of the slave by the administrator, no matter whether the court had jurisdiction or not, or whether the petition and order for a division were regular or irregular, passes the ]iroperty. It is true, a case might arise, where a delivery was made in pursuance of an irregular or invalid order for a division, and under an impression that such ,order was compulsory on the administrator, which might afford grounds to set aside and annul the delivery, as being made, under a mistake,
 
 *100
 
 But that is not this case. For these reasons, we deem it unnecessary to enter into the question, whether the court had jurisdiction, or whether the proceedings were regular; but found our opinion upon the effect'of the delivery of the slave in question to
 
 Melvin,
 
 as his wife’s portion, in whole or in part of her father’s estate. The only re-" maining question is, what was the effect of that delivery on the then state of faéts, with the subsequent demand of the slave, and the commencement of this suit.
 

 Courts of law afford no remedy for a distributive share, because their forms were fixed before the right'to distribution was given.
 

 But the right being now given by statute, it is recognized in courts of law..
 

 We are all of opinion with the presiding judge, that
 
 .Melvin,
 
 the husband, received the slave in question, as mortgagor, for himself and his mortgagees, according to their
 
 respective-rights;
 
 and that he continued to. the time of his sale to hold him in that character; and that the defendants coming in under him, with notice of the mortgage, either express or implied, .(for the mortgage was duly registered,) held the slave until the demand, in the same manner. We do not fully understand what is meant in the argument appealing in the case, that a distributive share of an intestate’s estate is a mere equity; and that the defendants are purchasers for a valuable consideration. If by it is meant, that a court of equity, or a court proceeding by its forms, is resorted to, toen-force payment or delivery of a distributive share, the position is admitted. For it is true, that the forms of a court of law do not afford an adequate redress, because the right to distribution is of modern date, and was introduced after those forms were settled. But if it is meant, that it is not a right recognized by, andas binding, at law, as it once was, in conscience only, the position is denied. It is a right given by statute, its -extent and nature defined;, and must therefore be Icnown to, and recognized in courts of law, as a legal right. But if it is a mere equity binding in conscience, the defendants cannot protect themselves from its obligation in the hands of mortgagees. For altho’ they allege themselves to he purchasers for value, yet they i do not allege that they had no notice of the mortgage. And if they did, it would he disproved by its registration, which is notice to the world. As to the right of the husband to sell or
 
 *101
 
 mortgage Ms wjfels distributive share
 
 for value, T
 
 pre-mime that will not be denied.
 

 Per Curiam — JudgmeNt affirmed.