HIRAM HOWARD and his Wife SALLY HOWARD, *v.*
JAMES BROWN.

WINDHAM,
*February,*
1839.

No action at law can be maintained to recover a distributive share in an
estate belonging to a feme covert, unless it be upon the administrator's
bond.

THIS was an action of debt, to recover of the defendant, who
was administrator of the estate of one James Brown, de-
ceased, the sum of $38, as the distributive share of the said
Sally Howard, in the said estate, which sum had been or-
dered by the probate court to be paid to said Sally.

The action was commenced before a justice of the peace
and appealed to the county court.

The defendant pleaded to several pleas in bar ;—

1. "That the said sum of money in the plaintiff's decla-
"ration mentioned was the distributive share of the said
"Sally, as heir of said James Brown, deceased, of the resi-
"due, after the payment of the debts of said deceased, of
"the proceeds of the real estate of the said deceased, des-
"cending to his heirs, and sold for the payment of his debts,
"under an order of the probate court for the district of
"Westminster."—and

2. "That the said sum of money accrued from the sale
"of the real estate of the said Sally, holden in her own
"right, under an order of said probate court for the pay-
"ment of the debts of the said Sally's ancestor, and that
"afterwards, to wit, on the 15th April, 1838, the defendant
"paid, satisfied and contented the said Sally the said sum
"of money," &c.

The plaintiffs demurred to the defendant's first plea and
replied, to the second, an assignment, on the 4th of April
1838, by said Hiram Howard, husband of the said Sally, to
John Roberts, Jesse Howard and Junia Howard, for a
valuable consideration, of all his, the said Hiram's interest,
right, claim, demand and title, in right of his said wife, in
and unto the estate, both real and personal, of the said de-
ceased, and that said assignees were prosecuting this suit in
the name of the plaintiffs, for their, the said assignees',
benefit ;—of all which the defendant had notice, &c.

To this replication the defendant demurred. The county
court held the replication to be sufficient, and rendered judg-

Howard and
wife
v.
Brown.

ment for the plaintiffs for their said debt and costs. To which the defendant excepted.

*R. M. Field,* for defendant.

The defendant insists that this action at law cannot be sustained. *Sparhawk & wife* v. *Buell's Exrs.* 9 Vt. R. 42.

Furthermore, the plea shows that the residue for distribution accrued from the sale of the real estate, descending from the ancestor to the wife, for the payment of debts, under an order of the probate court. The money, thus accruing, ought to be regarded still as real estate, as the law, by authorizing the conversion of land into money, did not intend to alter the descendible quality of the estate.

See the cases collected in Fonb. Equity, 318, *et seq.* where equity regards money as land and land as money.

*Roberts & Howard,* for plaintiffs.

I. the husband can assign the chose in action of the wife. 2 Kent's Com. 136. 1 Swift's Dig. 27.

II. The assignee will be protected in the assignment, and no payment to the assignor, after notice, will excuse payment to the assignee. *Newell* v. *Adams,* D. Chip. R. 346. *Strong* v. *Strong,* 2 Aikens' R. 373. *Andrews* v. *Beeker,* 1 Johns. Cas. 411. *Wardel* v. *Eden,* 2 Johns. R. 121. 3 Johns. R. 86. *Littlefield* v. *Storey,* 3 do. 425. *Perkins* v. *Parker,* 1 Mass. R. 117. *Legh* v. *Legh,* 2 B. & P. R. 447. Assignee of *Fowler* v. *Marnell,* 3 B. & P. R. 40. *Payne* v, *Rogers,* Doug. R. 407. *Jones* v. *Witter,* 13 Mass. R. 304. *Jenkins* v. *Brewster,* 14 do. 291. *Cutts* v. *Perkins,* 12 do. 206. *Bank of Burlington* v. *Beach,* 1 Aikens' R. 62.

III. Whether the remedy is at law.

1. Certainly, where there is an assent, either expressed or implied.

2. As to the fact of an assent, see defendant's second plea ; and

3. His not taking an appeal from the order of the probate court.

IV. An action at law is contemplated by our statute, for settling estates. See stat. 344, 355.

REDFIELD, J.—In this state it is settled that a distributive share in an estate, belonging to a feme covert, and consisting of specific personal chattels, does, after decree of distribu-

WINDHAM,
February,
1839.

Howard and
Wife
v.
Brown.

tion, vest absolutely in the husband; and may, by his creditors, be reached by process of foreign attachment. *Parks & Co.* v. *Cushman*, trustee of Hadley, 9 Vt. R. 320.

In a similar case, where the assets in the hands of the administrator consisted of money, before decree of distribution, it was held not to be liable to the suit of the husband's creditors by this process. *Short* v. *Moore*, trustee, 10 Vt. R. 446.

The appropriate remedy for a legacy, and a distributive share of an estate, after a final decree in the probate court against the executor or administrator, is undoubtedly the same. In England the remedy, for a pecuniary legacy, is in chancery, or in the ecclesiastical courts, and no suit can there be maintained in the courts of com mon law, for the recovery either of a pecuniary legacy, or a distributive share in an intestate estate.

Some of the early cases, at common law, recognized the action of assumpsit, as the appropriate remedy for such a legacy. In *Atkins* v. *Hill*, Cowper's R. 284, Lord Mansfield goes into an elaborate argument to show that assumpsit is the appropriate remedy, but concludes by saying that he formed his opinion, in that case, upon "an express promise, made upon a good and sufficient consideration," i. e. having assets. In *Hawkes* v. *Saunders*, Cowper's R. 291, by Buller J., assumpsit is held to be the proper remedy. The same doctrine is countenanced by two anonymous cases in Mod. Reports. 11 Mod. R. 91. 6 do. 27, per Holt C. J. But since the case of *Decks* v. *Strutt*, 5 Term R. 690, it has been considered settled law, that no such action will lie for a pecuniary legacy. And in *Jones* v. *Tanner*, 7 B. & C. 542, the same doctrine was extended to the case of a distributive share. In the case of a legacy or bequest of some specific chattel, after the estate is so far closed, that there is no pretence of any deficiency of assets, the person entitled may have his remedy at law. *Lord Say and Seale v. Gray* 3 East's R. 120.

Many of the reasons, assigned by the English Judges, why the remedy should be confined to the court of chancery or to the spiritual courts, apply with the same force here, and some do not. We have not been called upon to decide the general question. Until after a final decree of destribution, in the probate court, upon the whole estate, the jurisdiction

WINDHAM,
*February,*
1839.

Howard and
Wife
*v.*
Brown.

of the matter, of necessity, belongs to that court. The statute provides, that " no action shall be commenced against the executor or administrator, until the expiration of the time allowed for the payment of debts and legacies." This seems to have been esteemed a necessary protection to the executor and administrator, against vexatious suits. The probate court having jurisdiction of the matter, and the only adequate means of justly stating the account, it is but reasonable that that court should retain exclusive jurisdiction, until the passing of a final deree. The statute, referred to, seems to have been passed mainly with that object in view. It is perhaps implied in the phraseology of the act, that after the expiration of the time fixed by the probate court for the payment of the debts and legacies, some action may be commenced against the executor or administrator. This is not, necessarily, an action *at law*. It might be a suit in chancery, and still be included under the general denomination of " an action." And it may be noticed too, that the object of the statute is not to provide a *remedy* for the claimants, but to inhibit *all* legal remedies, until a certain event. Had the object been to provide a remedy, the particular phraseology adopted would be entitled to more consideration, than it now is. The phraseology of the statute is adopted rather accidentally, than *ex industria*. In such case, it is extremely unsafe to make any very positive inference, as to the particular remedy intended, from the use of terms, selected with a different object in mind. But if we suppose, that the framers of the statute had in mind some redress, *by action at law*, which it was intended to limit or qualify, we do not perceive any good reason, why this should be referred to an action directly for the claim, whatever it might be. The provision referred to, it will be perceived, is general, extending to the case of debts due from the testator or intestate, as well as to legacies given, or a distributive share in the estate. In regard to debts, as the personal representative comes in the plea of the deceased, no doubt an action might be maintained at law, for the recovery of the debt, especially when the estate had not been represented insolvent. And in all cases, after the time limited by law for the payment of debts, the creditor is entitled to sue upon the bond. So that any inference, attempted to be deduced from the terms of

the statute, presupposing an action at law to lie against the executor or administrator, after the expiration of the time for the payment of legacies or distributive shares, may be referred to either of these remedies, without admitting that an action at law will lie directly against the executor, or administrator in this case.

WINDHAM,
February,
1839.

Howard and
Wife
v.
Brown

But it may further be urged as a reason why no action at law should lie against the executor, for the recovery of a legacy, that this was no debt against the testator, and is a mere trust as against the executor. If the trustee fails to execute the trust faithfully, the proper redress is in a court of equity, or upon his official bond. The refusal to apply the funds in his hands, according to the decree of the probate court, is a breach of trust, in the nature of a tort, but is no more a ground of raising an implied assumpsit or indebtedness, than any other breach of trust in a fiduciary relation. *Hart* v. *Teneyck*, 2 Johns. Ch. R. 116. The present action, indeed, is not in accordance with any of the precedents, which have come under my own observation. It is debt, upon the final decree of the probate court that the plaintiff, Sally, is entitled to such a portion of the money in the hands of the defendant. Such decree has sometimes been considered, as merely fixing the extent, and limiting and defining the former obligation of the executor or administrator. It is now contended, that a new obligation is thereby superadded upon the administrator, and that the decree is in the nature of a judgment *inter partes*. I could not myself readily subscribe to such a doctrine, unless it had received the countenance of judicial construction, or of long continued acquiescence in practice. But the court have not considered it necessary to decide this point. We consider, that this case rests upon peculiar grounds. There are, certainly, very special reasons why this fund, being the proceeds of the sale of the wife's real estate, should not be applied to the payment of the husband's debts, unless some suitable maintenance is secured to the wife. It is no doubt true, that the husband may so assign the wife's *choses*, accruing both before and during coverture, as to divest her interest at law. It has sometimes been held, that when the husband can obtain possession of the wife's property, without the aid of a court of chancery, that court will not interfere to restrain him in the exer-

Howard and
Wife
*v.*
Brown.

cise of his legal rights, in order to force a settlement upon the wife and her children. *Howard & wife* v. *Moffatt*, 2 Johns. Ch. R. 206, 208. Hence we should be slow to establish a rule of law by which the husband might obtain possession of the property of the wife without being compellable to make a suitable settlement upon her. We think, then, that neither the husband nor his assignee, either in their own name or names, or by joining the wife, can maintain any action at law, to recover a distributive share, in an intestate estate, belonging to the wife. The only remedy in such case is in chancery, where that court will see that a suitable provision is made for the wife.

The doctrine here established, in relation to a distributive share belonging to the wife, is in accordance, not only with the English law, as has been seen, but is the rule of most of the American states in relation to legacies and distributive shares generally. In the case of *Farwell* v. *Jacobs*, 4 Mass. R. 634., Parsons Ch. J., says, " at common law, no action lies to recover a legacy," but in Massachusetts, by special statute, such remedy has been recently given. The same is true of some of the other states, where their systems of chancery jurisdiction are limited or imperfect. Such is the case in New Hampshire and Connecticut and Delaware.

Judgment of the county court reversed, and judgment that plaintiffs' replication is insufficient, and that defendant recover his costs.