## MORGAN *v.* KINGMAN.

CREDITOR'S BILL—INTEREST UNDER WILL—SETTLEMENT OF ESTATE —DECREE.

> Where, upon a bill filed to subject the interest of a judgment debtor as legatee under the will of his father, it appears that the legatee is largely indebted to said estate, and that the estate is probably insolvent, the bill should nevertheless be retained until final settlement of the estate, to the end that, if it shall appear on such settlement that there is anything due the legatee, the creditor may be in position to move for the proper decree.

Appeal from Calhoun; Smith, J. Submitted January 30, 1900. Decided March 6, 1900.

Bill by Benjamin F. Morgan against Howard R. Kingman, Steven S. Hulbert, Brainard T. Skinner, and Mitchell N. Packard, trustees of the estate of Richmond Kingman, deceased, and Howard R. Kingman, individually, to subject the interest of defendant Kingman, as legatee under the will of said deceased, to the payment of a judgment in favor of complainant. From a decree dismissing the bill, complainant appeals. Reversed.

*Howard R. Cavanagh*, for complainant.

*Hulbert & Mechem*, for defendants Hulbert and Skinner.

LONG, J. Complainant is a judgment creditor of defendant Howard R. Kingman. The judgment was rendered in justice's court, and execution was there issued, and returned unsatisfied. Transcript of that judgment was filed in the circuit court, and execution thereon issued, and that execution returned unsatisfied October 18, 1897. The amount of the judgment at the time of filing this bill was $192.54 and $3.95 costs. The four defendants, Howard R. Kingman, Steven S. Hulbert, Brainard T. Skinner, and Mitchell N. Packard, are the trustees of the estate of one Richmond Kingman, deceased, the father of Howard R. Kingman, under the terms of the will. It is claimed by the bill that defendant Howard R. Kingman has rights and interests in the estate of his father amounting to $1,000 and upwards, and it is asked that the trustees pay into court at such times as the same would otherwise be due and payable to said defendant Howard R. Kingman under the terms of said will, if that sum shall be found due him, sufficient to satisfy the amount decreed to be due on said judgment, together with interest and costs; that for the purpose of the satisfaction of the amount so decreed to be due on said judgment, together with interest and costs, the interest of said Howard R. Kingman in and to his said father's estate under the terms of said will be sequestered and taken; and that the said trustees be decreed to pay to the complainant, from moneys and property otherwise due and payable to defendant Howard R. Kingman, a sum sufficient to pay said judgment and costs. The will of Richmond Kingman provides an annuity to Howard R. Kingman of $1,666.66, payable yearly; and also said Howard R. Kingman is made a residuary legatee thereunder. Upon the filing of the bill, an injunction was issued restraining

the trustees from paying any money to Howard R. Kingman until the further order of the court.

The defendants Brainard T. Skinner, Steven S. Hulbert, and Howard R. Kingman, as trustees, appeared, and demanded a copy of the bill. Howard R. Kingman did not appear personally, but as trustee. Answer was filed by Hulbert and Skinner as trustees, alleging:

"That heretofore, and on the 10th day of September, 1895, an order was made in and by the probate court directing the executors of said will to pay to Caroline B. Kingman, widow of said Richmond Kingman, the sum of $100 per month as an allowance for her support and maintenance pending the settlement of said estate, and until the further order of said court.

"That the hearing of claims against said estate is still open and pending, and that it is impossible at this time to ascertain the extent of the valid claims against said estate.

"That the said Richmond Kingman, in his lifetime, was an officer and director and large shareholder in the stock of the Duplex Printing-Press Company, a corporation engaged in the manufacture and sale of printing presses at Battle Creek, Michigan; that the said corporation was and is heavily involved and had large obligations, and that the said Kingman, with others interested in said company, had from time to time indorsed and become liable on the notes and obligations of said company to a large amount; that at the death of said Kingman he was so liable on account of notes and obligations of said company then outstanding, which had been indorsed or guaranteed by him in different ways, in an amount in excess of $200,-000; that it was and is understood and agreed between holders of said obligations and the representatives of said estate that the same should not be presented for allowance in the six months allowed in the first instance for presenting claims against said estate, but that the hearing of claims should not be closed until some future time; that it was and is intended in all reasonable ways and manners to aid and assist said corporation in the conduct of its business, to the end that it may work out and pay said obligations, or so much thereof as possible; that it was and is in good faith considered inexpedient and likely to be completely disastrous to force a settlement and liquidation by said corporation, and that the result thereof would be a sacrifice of the assets of said corporation, the

ruin of its business, and the complete sweeping away of the assets of said estate; that the said executors are authorized to join in the renewal of the obligations of said corporation on which said Richmond Kingman, in his lifetime, was liable, and charge the assets of said estate therewith; that these trustees are authorized to pay such indebtedness without the allowance thereof in the probate court; and that allowance of such claims in probate court is not necessary, but a matter of precaution merely to these trustees in their final accounting.

"That, in addition to such liability of said estate on account of such Duplex Printing-Press Company indebtedness, the said Richmond Kingman was, at the time of his death, indebted in the sum of $68,000 and upwards to the City Bank of Battle Creek; that said bank has not filed any claim therefor in the probate court, but claims and has a direct lien and charge therefor on certain assets of said estate, to wit, the capital stock of said bank belonging to said Richmond Kingman in his lifetime, and is applying on said indebtedness all dividends and earnings of said stock; and that said estate is still indebted to said bank, on account of such indebtedness, in the sum of $50,-000 and upwards; that the indebtedness to said bank arose by reason of said Richmond Kingman, in his lifetime, having indorsed and become liable on notes and obligations of said Howard R. Kingman and others; that, at the death of testator, said Howard R. Kingman's indebtedness on which said testator was liable amounted to $29,916; that, since the death of testator, said bank has rightfully, and with the consent of the representatives of said estate, appropriated, of income and assets which would otherwise have accrued to said estate, the sum of $6,313 and upwards, and applied the same on said Howard R. Kingman's indebtedness; that, to the extent of the payment of such indebtedness of said Howard R. Kingman out of the assets of said estate, the said representatives thereof have a lien on and offset against the legacy of said Howard R. Kingman; that, to the extent that said estate is now liable on account of the indorsement and liability of said Richmond Kingman in his lifetime to pay said indebtedness of said Howard R. Kingman, the representatives of said estate have now, and will have, an offset against any liability to said Howard R. Kingman, either on account of the legacy of said annuity, or on account of his right to a distributive share in said estate; that said Howard R.

Kingman has not repaid to said estate the amount so paid to said bank on account of his indebtedness, or any part thereof, and has not paid to said bank, or to said estate, the balance of said indebtedness, or any part thereof, and that these defendants have not, nor have any or all of the representatives of said estate, any collateral or security therefor other than the right to offset the same as aforesaid.

"That the income and profits of said estate have been insufficient to meet the necessary costs and charges of administration and of maintaining the estate, and pay the allowance to the widow aforesaid; that nothing has been paid at any time to the legatees named in said will, to wit, said Howard R. Kingman and others, out of said estate, for or on account of such legacies; that there are no funds or assets in the hands or under the control or possession of the representatives of said estate with or out of which any sum can be paid to said Howard R. Kingman on account of such legacy; that these defendants are not, nor are any of the trustees and representatives of said estate, indebted to or liable to the payment of any sum whatever to the said Howard R. Kingman; that said Howard R. Kingman has no claim or demand against these defendants as such executors or trustees, or otherwise; that said estate is not in a situation to be closed, and distribution made thereof, and that there is no prospect of its being in such situation in the near future; that it cannot be known at this time what amount, share, or portion of said estate, if any, will ever be available for the payment of the legacies and devises in said will mentioned; and that there is no liability, duty, or obligation now existing resting upon these defendants, or upon any or all of these representatives of said estate and trustees under said will, to pay now or at any future time any money to said Howard R. Kingman, or to turn over, convey, or distribute to him now or at any future time any of the property or assets of said estate.

"That these defendants and the representatives of said estate have not accounted from time to time in the probate court aforesaid, for the reason that all the matters· and things herein set forth have been fully known to and understood by the parties interested therein, to wit, the legatees and devisees under said will and the creditors of said estate; and that these defendants are now, and at all times have been, ready to render a complete and particular

account of the administration of said estate. These defendants submit that the proper place for an accounting in the said administration is in the probate court, and that said Howard R. Kingman can make no claim or demand against these defendants until their liability has been fixed and determined in said probate court.

"These defendants submit that said complainant has not, in his bill of complaint, shown any such facts and circumstances as warrant the relief prayed for therein, for the following reasons: (*a*) That it does not appear by the said bill of complaint that these defendants, or any or all of the representatives of said estate and trustees mentioned, have in their hands interests, incomes, or profits of said estate applicable to the payment of legacies; (*b*) that it does not appear by said bill that the hearing of claims against said estate is closed, or that the just debts of said testator have been paid; (*c*) that it does not appear that there is any liability fixed or determined on the part of said representatives of such estate and trustees to pay any money, or deliver, turn over, or convey any property, to said Howard R. Kingman."

Proofs were taken in open court, and the court below dismissed the bill. Complainant appeals.

The proofs show that Howard R. Kingman was indebted to the estate of his father in the sum of about $45,-000, and that the father's estate is largely indebted. It is now within a few weeks of the time when the father's estate is to be closed up, and the proofs show that it is apparently insolvent. We think, however, that complainant's bill should not have been dismissed. The decree must be reversed, and a decree entered here restraining further proceedings until after the settlement of the estate of Richmond Kingman, deceased; and if, on the settlement of said estate, it shall appear that there is anything due from it to Howard R. Kingman, complainant may then move for final decree in the premises, or defendants may move for dismissal of the bill; costs to abide the event of the proceedings.

The other Justices concurred.