SELIGMAN NETTER, trading as NETTER BROTHERS, p. b. a., *vs.* HARRY J. STOECKLE, Manager, garnishee of SARAH NESTOR, d. b. r.

*Attachment —Garnishee; Liability of; Test of his Liability— Statute—Production of Papers at Trial—Issuance of Rule not Necessary—Practice—Affidavit must Aver Present Possession of the Papers.*

1. To obtain an order of the Court, under the statute, (*Sec. 13, Chap. 107, Rev. Code,*) for the production of books or writings in the trial of actions at law, the issuance of a rule is not necessary. The proper practice is to make the order upon the presentation of the affidavit and the serving of the notice. At the return of the order the party upon whom it is made can excuse himself by any proper excuse.

2. To obtain such an order the affidavit ought to aver that the papers are *now* in the possession or control of the defendant. An allegation that they were in the possession or control of the defendant some time before would not justify the Court in making the order.

3. It is the general rule that the right of the attaching creditor to recover against the garnishee depends upon the subsisting rights between the garnishee and the debtor in the attachment; and the test of the garnishee's liability, is that he has funds property or credits in his hands belonging to the debtor for which the latter would have a right to sue.

(*May 29, 1903.*)

LORE, C. J., and GRUBB and PENNEWILL, J. J., sitting.

*T. Bayard Heisel* for plaintiff below, appellant.

*Walter H. Hayes* for defendant below, respondent.

Superior Court, New Castle County, May Term, 1903.

APPEAL from a Justice of the Peace, in and for New Castle County (No. 51, February Term, 1902). Plea of *nulla bona.*

On May 26th, counsel for plaintiff stated that the above case

23

had been continued from the February Term to the May Term of court, and in the meantime there had been a change in counsel ; that the same affidavit and notice which had been originally prepared to be served upon defendant's counsel at the February Term for the production of certain papers, had been served upon Mr. Hayes at this term, and the application was upon said affidavit for the production of the same papers.

*Hayes*, for defendant, objected to the affidavit on the ground that it was made on the eighth day of February, 1903, and that the papers were then in the possession of the defendant, but that there was no allegation that the papers are now in the possession of the defendant. The statute says that the court will order the production of the papers only under circumstances where they would be ordered in a case pending in a Court of Chancery. Under such an affidavit the papers would not be ordered to be produced in a case pending before the Chancellor, because the affiant could not make affidavit that they contained evidence pertinent to the issue if the contents are unknown to him.

LORE, C. J.:—Without passing upon any other point, we think that in order to make an order of this kind, the affidavit ought to aver that the papers are now in the possession or control of the defendant. An allegation that they were in possession or control of the defendant last February would not justify the Court in making an order that he should produce them now. You must lay the grounds under the statute by stating that at the time the application is made they are in possession or control of the defendant. We do not think this affidavit meets the requirements of the statute.

(On May 28th, counsel for plaintiff presented in Court an amended affidavit, conforming to the above ruling. Thereupon the Court made the following order):

And now, to wit, this 28th day of May, A. D. 1903, upon

motion of counsel for plaintiff in the within cause, it is ordered by the Court that the defendant produce at the office of the Prothonotary of this Court on Thursday, the 28th day of May, A. D. 1903, at 2 o'clock P. M., for examination by the plaintiff or his counsel, the checks therein mentioned ; and it is further ordered that said defendant produce said checks at the trial of said cause; or show cause, if any he has, why this order should not be complied with.

CHAS. B. LORE, C. J.

*Mr. Hayes:*—If the Court will order a rule in this case, I will accept service. I merely wish to keep the practice as heretofore.

*Curry vs. Charles Warner Company, 2 Marvel 98 ; Thomas vs. Grand Trunk Railway, 1 Pennewill, 593.*

The notice is to compel the production of the papers, and we have no opportunity to contradict it. It merely says that these papers contain evidence pertinent to the issue. The reason for issuing the rule is to let the person show on the hearing of the rule, that they do not contain such evidence.

LORE, C. J.:—The whole purpose of the rule to show cause is disposed of by the notice under the statute. Issuing the rule would simply be a dilatory proceeding. There may have been some peculiar circumstances under which the rule has been issued, but under the statute the proper practice is to make the order upon the presentation of the affidavit and the service of the notice.

In the case of *Thomas and Wife vs. Pennsylvania Railroad, 2 Pennewill, 411,* the Court ordered, upon a similar application, the production of certain books and papers, and there was no rule to show cause, according to the report of that case; nor is such a rule shown from the examination of the record of the case. No case has been cited to the contrary, and, according to the recollection of the Court, the practice is to grant the order without the

issuance of the rule. At the return of the order you can excuse yourself by any proper excuse. If you want time to comply with the order, we will give it to you. That was what was done in the Thomas case.

We make the order as prayed for in the petition.

(On May 29th, 1903, the case came on for trial before ASSOCI-ATE JUDGES GRUBB and PENNEWILL.)

PENNEWILL, J., charging the jury:

Gentlemen of the jury:—Originally Seligman Netter, trading as Netter Brothers, obtained a judgment against Sarah Nestor, upon which judgment an attachment was issued, and Harry J. Stoeckle, manager, was summoned as a garnishee to answer what money, goods, chattels, rights, credits or effects of Sarah Nestor he had in hand. That attachment was served on March 21, 1901, and the answer was continued from time to time until November 19, 1901, when a plea of *nulla bona* was entered.

The question you are to determine is whether the garnishee, Harry J. Stoeckle, manager, was legally indebted to Sarah Nestor in the manner above indicated, at the time the attachment was served or any time between that and November 19, 1901.

In order that the plaintiff may recover, he must satisfy you, by a preponderance of the testimony, that Harry J. Stoeckle, manager, on March 21, 1901, or some time between that and November 19, 1901, was legally liable to Sarah Nestor for money, goods, chattels, rights, credits or effects of Sarah Nestor.

It has been laid down by this Court that the attaching creditor stands in no better position than the defendant as to the collection of a debt due to the latter from the garnishee.

It is the general rule that the right of the attaching creditor to recover against the garnishee depends upon the subsisting rights between the garnishee and the debtor in the attachment; and the test of the garnishee's liability is that he has funds, property or

credits in his hands belonging to the debtor, for which the latter would have a right to sue.

*Odenhal et al. vs. Devlin, 48 Md., 444.*

The garnishee stands in the same position that he would have been in had the suit been brought by his own creditor. The fact that a garnishment process has been served upon him places him in no worse position and under no greater liability than he would have been had an action at law been brought against him by the principal defendant to whom he was indebted, or whose property he had in his possession.

Under the law, as the Court have declared it to you, and the evidence you have heard from the stand, you are to find your verdict.

Verdict for defendant.