CRAIG *v.* WAYNE CIRCUIT JUDGE.

1. PROCESS—MANDAMUS—EXECUTORS AND ADMINISTRATORS—WILLS.
   In mandamus proceedings in this court by the executors of an estate to compel the circuit judge to vacate an order restraining them from paying to a divorced husband any money due him from the estate and ordering him to pay amounts due under the divorce decree, the executors cannot object that service upon the husband was improper.

2. JURISDICTION—COURTS—PROBATE COURTS—EQUITY—WILLS.
   Chancery courts having jurisdiction in alimony matters where estates are involved, the order entered by the court was not an encroachment on the jurisdiction of the probate court. OSTRANDER and BIRD, JJ., dissenting.

3. MANDAMUS—DISCRETIONARY WRIT.
   Mandamus being a discretionary writ, it will not issue where it would work an injustice.

Mandamus by Alice B. Craig and another as executors of the estate of Cornelia H. Blodgett, deceased, against Joseph Barton, acting circuit judge of Wayne county, to compel respondent to vacate an order restraining petitioners from paying to Ralph C. Blodgett any money due him from said estate and ordering him to pay amounts due under decree of divorce. Submitted April 27, 1916. (Calendar No. 27,171.) Writ denied June 1, 1916.

*George P. Palmer,* for relators.

*Dingeman & Schueler,* for respondent.

The circuit court for the county of Wayne, on March 31, 1909, granted a decree of divorce in the case of *Lillian D. Blodgett* v. *Ralph C. Blodgett.* The parties had three children, whose custody was temporarily awarded by the decree to the mother, Lillian D. Blodgett, with the provision that Ralph C. Blodgett, the father, should pay for their support the sum of $6 per

week "while they will remain in the custody of the said Lillian D. Blodgett and until they shall respectively attain the age of 14 years." The children have remained with the mother from the time of the decree, and are still with her. The father paid but little money under the decree, and on or about September 7, 1909, moved to Bowling Green, Ky., where he has since resided. On September 30, 1915, there was due under the decree the sum of $798.

Cornelia H. Blodgett, the mother of Ralph C. Blodgett, died on June 27, 1915, leaving a last will and testament, and the relators were appointed executors, and have duly qualified. Under this will the residue of Mrs. Blodgett's estate was to be divided between her five children in equal shares, and it is estimated that the share of Ralph C. Blodgett would amount to $600, which is now in the hands of the relators. On September 30, 1915, Lillian D. Blodgett filed a petition in the Wayne circuit court in chancery, setting up the foregoing facts and asking the court to enjoin the executors of the estate of Cornelia H. Blodgett from paying over to Ralph C. Blodgett any sum due him from said estate, and requesting leave to serve the petition and order to show cause on George P. Palmer, who, prior to the entry of the decree in said cause, acted as solicitor for Ralph C. Blodgett. The order to show cause was granted, and on the hearing the trial court granted an order restraining and enjoining the relators from turning over to Ralph C. Blodgett any money or property in their hands as executors belonging to Ralph C. Blodgett, and ordered Ralph C. Blodgett to pay the complainant the amount due her. The relators thereupon filed a petition that the order entered in said court and cause be vacated, for the following reasons:

(1) That the order is illegal, and they cannot be properly made parties to this cause.

(2) That the court has no right to enter the order complained of; that it is against the rights of said executors.

(3) That the order is unwarranted in law, and is an encroachment on the jurisdiction of the probate court for the county of Wayne, as agents of which the relators are acting.

The petition was denied, and the cause has been brought here by the relators, who pray for a writ of mandamus to require the respondent to vacate the order complained of and dismiss the petition filed in said cause.

KUHN, J. (*after stating the facts*). Objection is made at this time that improper service was had on Blodgett, and that the service provided for by the court below was unauthorized. This question is raised for the first time by the executors in this court, and we do not see how they are really concerned whether the service upon Blodgett was properly had or not, as it can in no wise affect their rights. So far as the relators are concerned, the proceeding had was purely incidental.

We cannot see any merit in the contention of the relators that the order made is an encroachment on the jurisdiction of the probate court. The order made does not interfere with any of the duties which the executors owe the estate or the probate court, nor does it interfere with any step which might be taken by the probate court in the administration of the estate of which the relators are executors. They are simply restrained from turning over whatever share Ralph C. Blodgett might have in the estate until the further order of the court. The chancery court has taken jurisdiction in alimony matters where estates were involved. See *Creyts* v. *Creyts*, 143 Mich. 375, 377 (106 N. W. 1111, 114 Am. St. Rep. 656) ; *Pingree* v. *Pingree*, 170 Mich. 36 (135 N. W. 923). Blodgett

himself did not appear to contest the proceedings, and does not attempt to excuse his misconduct in refusing to comply with the court's decree, nor his refusal to support his children. We have said that mandamus is a discretionary writ, and should not issue when it would work an injustice. See *Fletcher & Sóns* v. *Circuit Judge,* 136 Mich. 511 (99 N. W. 748), and cases therein cited.

We are of the opinion that the issuance of the writ in this case would work an injustice, and that it should therefore be denied, with costs to the respondent.

STONE, C. J., and MOORE, STEERE, BROOKE, and PERSON, JJ., concurred with KUHN, J.

OSTRANDER, J. I think the writ should issue for the reason that the chancery court is without jurisdiction to issue the injunction.

BIRD, J., concurred with OSTRANDER, J.