151 A.2d 125 (1959)
Werner W. BUECHNER, Plaintiff,
v.
FARBENFABRIKEN BAYER AKTIENGESELLSCHAFT, a German Corporation, Defendant.
Court of Chancery of Delaware, New Castle.
May 11, 1959.
Carl W. Mortenson, Wilmington, for plaintiff.
Thomas Cooch, of Connolly, Cooch & Bove, Wilmington, for defendant.
MARVEL, Vice Chancellor.
Plaintiff's complaint seeks a money judgment against defendant charging that defendant not only failed to compensate him properly while he was in its employ in Germany but that upon termination of his employment defendant failed to make promised payments and "* * * prevented plaintiff from taking a position in this country as a chemical patent agent." An employment agreement entered into between the parties is alluded to in the complaint but is not attached, and while an accounting is demanded it is not entirely clear what other specific relief of an equitable nature is sought under plaintiff's general prayer.
The matter now before me for decision, however, is not the precise nature or merits of plaintiff's claim but whether or not he may in a purported equitable action seek to compel defendant's appearance under § 366 of Title 10 Del.C. by means of the seizure of shares of stock in a Delaware corporation owned by defendant's wholly owned subsidiary. Defendant, a non-resident German corporation, has avoided a general appearance and has challenged the jurisdiction of the Court by moving, (1) to vacate this Court's sequestration order of October 8, 1958 (and the purported seizure of property thereunder) on the grounds that no property of the defendant was thereby seized, and (2) to dismiss the complaint for failure to serve defendant within the jurisdiction or to make an effective seizure of its property.
At the time this suit was filed it was believed by plaintiff that shares of stock of *126 Mobay Chemical Company, a Delaware corporation, at one time owned by defendant, were still so owned, however, the return of the secretary-treasurer of Mobay Chemical Company in response to the sequestrator's demand discloses that none of its shares at the time of the purported seizure was "beneficially owned" by the defendant. It is now conceded that the contention that such property is beneficially owned by defendant is based on the theory that actual ownership of such shares by defendant's subsidiary, Bayer Foreign Investments, Limited, constitutes beneficial ownership thereof by defendant.
Section 366 of Title 10 Del.C. contemplates the compelling of the appearance of a non-resident "* * * by the seizure of all or any part of his property, which property may be sold under the order of the Court to pay the demand of the plaintiff, if the defendant does not appear, or otherwise defaults * * *", and proceedings thereunder must be confined to cases where the eventual outcome to which the action looks, should the defendant shun the jurisdiction of Delaware, is where a sale of sequestered property is necessary to render effectual the nature of the relief sought in the complaint, Wightman v. San Francisco Bay Toll-Bridge Co., 16 Del.Ch. 200, 142 A. 783.
While stockholders have been declared to be the equitable owners of their corporation's assets, State ex rel. Waldman v. Miller-Wohl Co., 3 Terry 73, 28 A.2d 148 (quo warranto), it has also been held that stockholders are not the owners of their corporation's property, Bird v. Wilmington Society of Fine Arts, 28 Del.Ch. 449, 43 A.2d 476 (interpretation of will). Accordingly, rulings on the interest of a stockholder in his corporation's assets in matters unrelated to § 366 of Title 10 Del.C. are not particularly helpful in resolving the attachment question before me. See American Anthracite & Bituminous Coal Corp. v. Amerocean S.S. Co., D.C.E.D.Pa., 131 F. Supp. 244.
Obviously, a stockholder has substantial and well-defined interests in his corporation, such as the right to share in dividends when declared, rights upon redemption and dissolution, and the general right to have his corporation operated in the interests of all of the stockholders and not for the benefit of so-called insiders. I am not persuaded, however, at least in the absence of a showing of a fraudulent conveyance or the like, that stock actually owned by a subsidiary can be attached in an equitable action against the parent corporation on the theory that such stock is equitably or beneficially the property of the parent corporation. Despite the broad language of § 366 of Title 10 Del.C. (Weinress v. Bland, 31 Del.Ch. 269, 71 A.2d 59), property attached thereunder must in some form be the property of the defendant.
When stock is pledged for a loan, the stock owner clearly has a tangible and ascertainable interest in his stock, at least until its value falls below the amount of the loan. Similarly, stock registered in the name of a broker for the sake of convenience or for some other reason is obviously the property of its real owner. In both such instances a sale to satisfy a claim is normally feasible.
Plaintiff has asserted no claim against the actual owner of the stock now sequestered, and it is inconceivable to me how the stock presently sequestered in this case could be sold to satisfy plaintiff's demand against defendant without utter disregard of the existence of distinct corporate entities, each with its own obligations, pecuniary and otherwise. Surely, creditors of Bayer Foreign Investments, Limited, the Canadian subsidiary, may look to such corporation's assets for the payment of their claims assured that in the absence of fraud no part of such assets will be applied to payment of claims asserted against the parent corporation.
I conclude that until its dissolution or the establishment of a fraudulent conveyance *127 or the like, Bayer of Canada is the owner of its own property and defendant has no present interest in stock of Mobay Chemical Company subject to equitable attachment in Delaware.
An order vacating this Court's order of sequestration of October 8, 1958 will be entered, however, the case will not be dismissed unless it is apparent at the expiration of a period of 60 days from the order to be entered herein that defendant's appearance in this action may not be compelled or jurisdiction over it otherwise acquired, Schwartz v. Miner, Del.Ch., 133 A.2d 599.
Order on notice.