SCHUELER *v.* ALTHOUSE.

1. DEEDS—PLEADING—EVIDENCE—FORGERY—DELIVERY.
    Proof of allegations that deed was a forgery and that it was
    not delivered during the lifetime of the grantor would make
    the deed a nullity.

2. WILLS—RIGHT OF ACTION TO INVALIDATE DEED—RESIDUARY BENE-
    FICIARY.
    A testator's right of action to invalidate a deed vests in the resid-
    uary beneficiary under a will.

3. RECEIVERS—SUCCESSOR IN INTEREST OF JUDGMENT DEBTOR.
    The receiver of a judgment debtor succeeds to all of the latter's
    property rights and interests, including his right to invalidate
    a deed given by a testator who had made the judgment debtor
    his heir.

4. DEEDS—RECEIVERS—WILLS—FORGERY—DELIVERY.
    Bill by receiver of judgment debtor to set aside deed of grantor
    to the debtor's wife on ground it was a forgery and had not
    been delivered during grantor's lifetime, brought by plaintiff
    as successor in interest to debtor who had been named as
    heir of grantor *held,* to have been improperly dismissed on
    motion, since plaintiff was entitled to have trial of the issues
    of forgery and delivery.

5. COSTS—REMAND—DEEDS—FORGERY—DELIVERY.
    Costs are ordered to abide the final result, where suit to set aside
    deed is remanded for trial on issues of forgery and delivery.

REFERENCES FOR POINTS IN HEADNOTES
[1] 16 Am Jur, Deeds §§ 27, 142.
[2] 9 Am Jur, Cancellation of Instruments § 10.
[3] 21 Am Jur, Executions § 686.
    45 Am Jur, Receivers § 151.
[5] 14 Am Jur, Costs § 95.

Appeal from Oakland; Holland (H. Russel), J. Submitted October 4, 1961. (Docket No. 16, Calendar No. 48,534.) Decided March 16, 1962.

Bill by Arthur M. Schueler, receiver for Robert L. Althouse, against Neva R. Althouse to set aside deed. Bill dismissed on motion. Plaintiff appeals. Reversed and remanded.

*John T. Lungerhausen* and *David W. Laughery,* for plaintiff.

*Smith & Pratt* (*Philip Pratt,* of counsel), for defendant.

KELLY, J. March 11, 1959, plaintiff filed bill of complaint seeking to have declared invalid a certain deed, alleging that he is the duly qualified and appointed receiver for Robert L. Althouse for the benefit of creditors; that on the 30th day of August, 1957, Max Robinson Hodgdon died testate, leaving a last will and testament naming Robert L. Althouse as heir; that during the proceedings to probate the will plaintiff endeavored by garnishment, execution, and injunctive proceedings, to acquire, for the benefit of creditors, the interests of Robert L. Althouse in said estate; that defendant (wife of Robert L. Althouse) was aware of such effort, yet for more than a year during the course thereof did not openly claim any portion thereof in her own right; that recently it has been discovered that thereafter, on October 3, 1958, a quitclaim deed was filed with the Oakland county register of deeds by virtue of which defendant contends that deceased, Max R. Hodgdon, did, on August 27, 1957, divest himself of the property and transferred same to defendant, leaving the testator virtually without assets at the time of his death 3 days later.

Following the above summation of plaintiff's declaration, there follows 9 reasons why plaintiff claims the deed should be declared invalid, namely: Said deed (1) is not in proper form; (2) is not properly executed; (3) does not express the intent of the grantor; (4) is the result of undue influence; (5) was without consideration; (6) was never intended to pass title as evidenced by the fact that no Federal revenue stamps were placed thereon nor was a Federal gift tax report ever filed; (7) was never delivered during the lifetime of the grantor; (8) is a forgery and was not executed as it purports to be by the grantor during his lifetime; and (9) does not properly describe the property owned by the deceased.

June 2, 1959, the court dismissed plaintiff's bill of complaint, and on July 31, 1959, the court denied plaintiff's motion for rehearing, stating:

"It is the essence of this court's ruling that the court believes that the receiver is without authority to institute this suit. CL 1948, § 634.6 (Stat Ann § 27.2176) is authority having to do with the rights of the receiver to do certain things with regard to the 'property of the judgment debtor.' No authority need be cited for the proposition that the deceased here involved had a perfect right to dispose of his property before his death in any manner he saw fit. There is no privity or actionable legal connection between the creditors of Robert Althouse and the deceased. No fraud could be perpetrated by the deceased upon such creditors."

The bill of complaint alleges that the deed to defendant was a forgery and, further, that the deed was not delivered during the lifetime of grantor. Proof of these allegations would make the deed a nullity.

Decedent during his lifetime could have invalidated the deed on these grounds, and such a right of

action vested in Robert L. Althouse, as beneficiary under the will. In *In re Lacroix's Estate,* 244 Mich 148, we held that a residuary beneficiary may sue to recover testator's property, of which he was wrongfully deprived in his lifetime.

The interests of Robert L. Althouse, as beneficiary under the will of Max R. Hodgdon, may be held subject to a creditors' bill and may be reached and impounded.[*]

We agree with appellant that:

"Plaintiff and appellant upon his appointment by the court as receiver of the judgment debtor Robert L. Althouse, succeeded to all of the property rights and interests of said judgment debtor, and particularly his interest as residuary beneficiary under the Hodgdon will, and in that behalf he primarily represents the judgment debtor for the benefit of the judgment creditors."

The court erred in dismissing the bill of complaint. The question was not whether or not deceased had "a perfect right to dispose of his property before his death in any manner he saw fit" or whether "fraud could be perpetrated by the deceased upon such creditors." The question presented was whether the deed was a forgery and whether or not the deed was delivered during the lifetime of the grantor. Plaintiff was and is entitled to a trial on these issues.

The order dismissing plaintiff's bill of complaint is reversed, and this cause is remanded for trial solely on the 2 questions, namely: the claim of forgery, and the claim of nondelivery of the deed.

---

[*] 21 CJS, Creditors' Suits, § 12, p 1065; 14 Am Jur, Creditors' Bills, § 64, p 709; *Morgan* v. *Kingman,* 123 Mich 197; *Earle* v. *Circuit Judge of Kent County,* 92 Mich 285; *Craig* v. *Wayne Circuit Judge,* 192 Mich 106.

Reversed and remanded. Costs to abide final result.

Dethmers, C. J., and Carr, Black, Kavanagh, and Souris, JJ., concurred.

Otis M. Smith, and Adams, JJ., took no part in the decision of this case.