Williams, J.
 

 There is no doubt that the trial court had jurisdiction of the subject matter and that the proceedings were not void
 
 ab initio
 
 for want of -power to hear and determine. See
 
 State, ex rel. Young,
 
 v.
 
 Morrow, Judge,
 
 131 Ohio St., 266, 278, 2 N. E. (2d), 595, and
 
 State, ex rel. Nolan,
 
 v.
 
 ClenDening,
 
 93 Ohio St., 264, 112 N. E., 1029. Although- the trial court had full power to act, a jurisdictional phase was imparted to the judicial inquiry by the contention of the defendants that a conflict of jurisdiction between the trial court and the Probate Court prevented the relief prayed for. That question was in reality made by the challenge to the sufficiency of the petition and will be considered when reached in logical order.
 

 Broadly stated, the only question is whether a judgment creditor may, during the administration of an estate and prior to an order of distribution, bring an action in the nature of a creditor’s bill in the Court of Common Pleas and thereby subject the amount the
 
 *195
 
 judgment debtor may have coming from the estate, as legatee, to the payment of the judgment.
 

 In
 
 Orlopp
 
 v.
 
 Schueller, Admr.,
 
 72 Ohio St., 41, 73 N. E., 1012, 106 Am. St. Rep., 583, this principle was pronounced:
 

 “Property or money held by the executor or administrator of an estate in his representative capacity, cannot be reached by attachment or garnishee process in an action against the heir or legatee before an order of distribution has been made.”
 

 Counsel have referred to garnishment as analogous to the remedy sought herein. The analogy is remote. The action in garnishment is one in law by which a creditor seeks satisfaction of the indebtedness out of an obligation due the debtor from a third person, the garnishee. The action by creditor’s bill is one in equity, by which a judgment creditor seeks to subject to the payment of his existing judgment an interest of the judgment debtor that cannot be reached on execution. The rule of law regulating garnishment has no application here.
 

 A creditor’s bill is a remedy well established in equity jurisprudence. The General Assembly recognized such remedial procedure by the enactment of Section 11760, General Code, which, insofar as pertinent here, reads:
 

 “When a judgment debtor has not personal or real property subject to levy on execution sufficient to satisfy the judgment, any equitable interest which he has in * * * money, goods, or effects which he has in the possession of any person # * * shall be subject to the payment of the judgment, by action.”
 

 This statutory provision does not in terms apply to the possession by an executor or administrator as such but is broad enough to enable the judgment creditor to reach “money,.goods, or effects * * * in the possession of any person.” Obviously an executor or ad
 
 *196
 
 ministrator of an estate comes within the meaning of the term “person.” This provision was in force when
 
 First National Bank of Cadiz
 
 v. Beebe, 62 Ohio St., 41, 56 N. E., 485, was decided and it was therein held that the exclusive jurisdiction of the Probate Court in settlement of estates did not deprive the Court of Common Pleas of jurisdiction in an action such as the one now before the court. However, defendants’ counsel claims that the enactment of the new Probate Code (effective January 1, 1932) bestowed upon . the Probate Court more extensive power in probate matters and that by reason of the enlarged jurisdiction, the remedy sought will not lie under the facts pleaded. The. pertinent parts of the statutes relied on are as follows:
 

 Section 10501-53, General Code. “Except as hereinafter provided, the Probate Court shall have jurisdiction: * * #
 

 “3. To direct* and control the conduct, and settle the accounts of executors and administrators, and order the distribution of estates; * * *
 

 ‘ ‘
 
 13. To direct and control the conduct of fiduciaries and settle their accounts.
 

 “Such jurisdiction shall be exclusive in the Probate Court unless otherwise provided by law.
 

 ‘ ‘ The Probate Court shall have plenary power at law and in equity fully to dispose of any matter properly before the court, unless the power is expressly or otherwise limited or denied by statute.”
 

 Section 10509-199. ‘ ‘ After thirty days from the time of the settlement of the account of an executor, administrator or guardian is made, and an order of distribution made thereon by the Probate Court, if such executor, administrator or guardian neglects or refuses to pay to a person interested in such order, distribution as creditor, legatee, widow, heir or other distributee, or otherwise when demanded, his or her
 
 *197
 
 share of the estate or property ordered to be distributed, the person so interested may file a petition in the Probate Court against the executor, administrator or guardian, making such settlement of his or her account, briefly setting forth therein the amount and nature of the claim of the party filing it. ”
 

 Then followed other sections pertaining to suit for distributive share, including Section 10509-206 which formerly read:
 

 “The Court of Common Pleas has concurrent original jurisdiction with the Probate Court in all cases provided for in the next seven preceding sections and any creditor, legatee, widow or other distributee, as aforesaid, may bring an action in the Common Pleas Court of the proper county, against such executor or administrator for his or her share of the estate upon such settlement and order of distribution, and it shall go on to final judgment and execution like other civil actions. All persons interested therein may be made parties thereto, if deemed necessary to the court, which shall determine their respective rights, render judgment thereon, and award execution, as in other cases.” Those statutory provisions did not confer on the Probate Court power to entertain a creditor’s bill or any jurisdiction in equity except such as is permitted in the disposition of matters properly brought before that tribunal.
 

 Section 10509-199 to Section 10509-206, inclusive, were repealed, effective August 22, 1941; on the same date analogous Sections 10506-86 to 10506-92, inclusive, became effective.
 

 Section 10506-86 provides as follows:
 

 “If a fiduciary, upon demand, refuses or neglects to make payment to any creditor whose claim has been allowed by the fiduciary and not subsequently rejected, or to make payment to any creditor or to make distribution to any other person interested in the estate
 
 *198
 
 whose claim or interest has been established by judgment, decree or order of court, including an order of distribution, such creditor or other person may file a petition against the fiduciary in the Probate Court from which the fiduciary received his appointment to enforce payment or distribution as provided by law, briefly setting forth therein the amount and nature of his claim or interest. Such petition shall not be filed against an executor or administrator until the expiration of the period prescribed in Section 10509-138 of the General Code.”
 

 Sections subsequent thereto provide for a citation, the making of all interested persons parties to the proceeding, permission to bring in as parties sureties on the fiduciary’s bond, power of the Probate Court to certify the case to the Court of Common Pleas, and a separate suit upon the bond of the fiduciary. As the instant action was pending when these analogous sections became effective, the jurisdiction of the Court of Common Pleas had previously attached on the institution of the action, and was not in any event impaired thereby.
 

 There'is no valid reason why the administration of the estate and the case in equity may not proceed without interfering with each other. Chancery courts must retain their vitality'by making relief in equity effective. If a judgment creditor must refrain from proceedings in the nature of a creditor’s bill in the Court of Common Pleas until the expiration of the specified period after the order of distribution is made in the Probate Court or even until the order of distribution has been made, the equitable remedy will in many instances be rendered futile. Of course a court of general equity jurisdiction cannot interfere with the exclusive jurisdiction of the Probate Court and must formulate its decree so as to require the money or other assets in the hands of the executor or administrator of
 
 *199
 
 an estate to be paid or delivered to the judgment creditor instead of legatee, at the time it would be payable or deliverable to the latter. With such a safeguard the possibility of a conflict in jurisdiction is at least limited. Should an action be instituted in the Probate Court by the legatee (judgment debtor) in the future under and by virtue of Section 10506-86
 
 et seq.,
 
 any question that may arise therein with respect to such conflict may be determined in the ordinary course of litigation. It suffices to say that no such question has yet arisen or has been raised.
 

 Although statutes differ in different jurisdictions, the general principles pronounced are sustained by the weight of authority.
 
 Fremont Farmers Union Cooperative Assn.
 
 v.
 
 Markussen,
 
 136 Neb., 567, 286 N. W., 784, 123 A. L. R., 1287, and annotations;
 
 Gorman
 
 v.
 
 Stillman,
 
 24 R. I., 264, 52 A., 1088;
 
 Thomas
 
 v.
 
 Morris-town State Bank,
 
 53 S. D., 499, 221 N. W., 257;
 
 Craig
 
 v.
 
 Wayne Circuit Judge,
 
 192 Mich., 106, 158 N. W., 15;
 
 Gormley
 
 v.
 
 Cleaveland, Exrx.,
 
 187 Ga., 457, 200 S. E., 793;
 
 Hull
 
 v.
 
 Vaughn,
 
 171 Tenn., 642, 107 S. W. (2d), 219;
 
 Johnston, Admr.,
 
 v.
 
 Byars State Bank,
 
 141 Okla., 277, 284 P., 862.
 

 For the reasons given we conclude that the petition stated a cause of action. The judgments of the Court of Common Pleas and the Court of Appeals are reversed and the cause remanded to the Court of Common Pleas with directions to overrule the motion, which was equivalent to a general demurrer, and for further proceedings in accordance with equity and good conscience.
 

 Judgment reversed.
 

 Weygandt, C. J., Matthias, Hart. Zimmerman, Bede and Turner, JJ., concur.