IN RE ESTATE OF MASON.

[Cite as *In re Estate of Mason*, 109 Ohio St.3d 532, 2006-Ohio-3256.]

(No. 2004–1974—Submitted January 10, 2006—Decided July 12, 2006.)

ALICE ROBIE RESNICK, J.

{¶ 1} Dorothy L. Mason passed away on December 3, 1999, and her will was admitted to probate on January 10, 2000. In her will, Dorothy Mason left her son, Richard F. Mason, a one-fourth interest in the proceeds from the sale of the real property in her estate.

{¶ 2} In June 2000, a law firm, appellee and cross-appellant, Rakestraw & Rakestraw, revived a judgment it had obtained against Richard Mason in 1994. A few months after reviving the 1994 judgment, Rakestraw & Rakestraw filed a garnishment action to attach Richard Mason's interest in the estate of his mother and served the notice of garnishment on the executor of the estate.

{¶ 3} Over one year later, in late December 2001, the Hancock County Child Support Enforcement Agency filed a motion to intervene in the probate of Dorothy Mason's estate to present a creditor's bill on behalf of appellant and cross-appellee, Wilma J. Mason, in an attempt to collect on two postdivorce lump-sum judgments for spousal support arrearages she had obtained against Richard in 1991 and 1992. No certificates of judgment or execution on these judgments had been filed at the time the Hancock County Child Support Enforcement Agency moved to intervene on Wilma Mason's behalf.

{¶ 4} On February 12, 2002, Dorothy Mason's estate sold a piece of real property, which resulted in funds becoming available for distribution to Richard Mason under the terms of his mother's will. Later that month, Rakestraw & Rakestraw filed a motion to intervene in the probate of Dorothy Mason's estate in order to present a creditor's bill against Richard Mason's interest in the estate.

{¶ 5} On March 7, 2002, appellee Lila Fagan obtained a judgment against Richard Mason for money owed. A few days later, she filed a garnishment action to attach Richard's interest in his mother's estate and served the notice of garnishment on the executor of the estate.

{¶ 6} On April 4, 2002, Wilma Mason revived her 1991 and 1992 lump-sum judgments against Richard Mason. That same month, Lila Fagan filed a motion to intervene in the probate of Dorothy Mason's estate to present a claim in the nature of a creditor's bill against Richard Mason's share of the estate.

{¶ 7} In evaluating the competing claims against Richard Mason's share of the estate, the probate court ruled that a claim against a legatee's distributive share does not become a legal claim, and thus subject to garnishment, until the distributee's right to possess the gift becomes certain. The trial court further explained that the certainty of a gift becomes fixed at the earlier of the date of distribution or the date on which claims against the estate expire pursuant to R.C. 2117.06(B), which at the time of Dorothy Mason's death was one year after the decedent's death.[1] 146 Ohio Laws, Part II, 3899.

{¶ 8} Since there was no distribution, the probate court found that Richard Mason's interest in his mother's estate became fixed, and therefore subject to garnishment, one year after Dorothy Mason's death. The court held that Richard's interest in his mother's estate prior to that date was equitable and therefore attachable only through a creditor's bill.

{¶ 9} Further, the probate court ruled that Wilma Mason's 1991 and 1992 postdivorce judgments for past due spousal support were dormant and, therefore, unenforceable at the time she attempted to use a creditor's bill to attach Richard's interest in the estate. Although Wilma Mason had revived her judgments, she never filed for garnishment. Thus, the probate court determined that the priority of the competing claims against Richard's share of Dorothy Mason's estate was as follows: (1) Lila Fagan, (2) Rakestraw & Rakestraw, and (3) Wilma Mason.

{¶ 10} Wilma Mason appealed and Rakestraw & Rakestraw cross-appealed the probate court's decision to the Third District Court of Appeals. The appellate court reversed the probate court's holding that a legatee's interest in an estate

---

1. R.C. 2117.06(B) has since been amended and currently provides six months from the date of the decedent's death for a creditor to present claims against the estate.

automatically becomes subject to garnishment one year after the decedent's death, but affirmed the court's judgment, including its priority determination. *In re Estate of Mason*, Hancock App. No. 5–04–01, 2004-Ohio-5644, 2004 WL 2377865.

{¶ 11} The appellate court ruled that a legatee's interest in an estate remains contingent, and thus equitable and attachable, only through a creditor's bill until the executor of the estate has a definite amount available for distribution to the legatee. Id. at ¶ 30. The court explained that once the executor possesses a definite amount ready to distribute to the legatee, the legatee's interest becomes an attachable legal interest subject to a garnishment action. Id. Consequently, the appellate court determined that prior to the February 12, 2002 sale of real property by Dorothy Mason's estate, Richard Mason's share of his mother's estate was equitable and could be attached only by a creditor's bill. Id. at ¶ 31. Further, the court found that after the sale on February 12, 2002, the executor had a definite amount ready for distribution to Richard, thus making his interest in the estate a legal interest subject to garnishment. Id.

{¶ 12} Moreover, the appellate court rejected Wilma Mason's argument that Ohio's dormancy and revivor statutes do not apply to her 1991 and 1992 postdivorce judgments for past due spousal support. Id. at ¶ 16. Rather, the court ruled that once an installment support order is reduced to a lump-sum judgment, the dormancy and revivor statutes begin to apply. Id. at ¶ 15. The appellate court reasoned that since Wilma Mason had her unpaid spousal support orders from 1989 to 1991 reduced to two lump-sum judgments in 1991 and 1992, and because she never executed upon the judgments within five years of their issuance, these judgments became dormant. Id. at ¶ 16.

{¶ 13} Therefore, the appellate court determined that only Wilma Mason had filed a creditor's bill before the February 12, 2002 sale and that only Lila Fagan had filed a garnishment after February 12, 2002. Id. at ¶ 31. However, because Wilma Mason's 1991 and 1992 judgments were dormant when she filed her creditor's bill, the appellate court held that the creditor's bill was unenforceable. Id. at ¶ 32. Accordingly, the appellate court held that Lila Fagan's garnishment was the only instrument that properly attached Richard Mason's share of the estate, giving Lila Fagan first priority to the proceeds from the February 12, 2002 sale. Id. at ¶ 33. As between Rakestraw & Rakestraw and Wilma Mason, the appellate court held that Rakestraw & Rakestraw had been the first to revive its judgment and file an action against Richard Mason's share of the estate, thus affording it priority over Wilma Mason. Id.

{¶ 14} The cause is now before this court pursuant to our acceptance of a discretionary appeal. In this case, we are asked to address the following two issues: (1) whether a lump-sum judgment for spousal support arrearages is

subject to Ohio's dormancy and revivor statutes and (2) at what point in the probate of a decedent's estate a legatee's interest in the estate converts from an equitable interest, attachable by a creditor's bill, to an attachable legal interest subject to garnishment.

### Lump–Sum Judgments for Spousal Support Arrearages

{¶ 15} Ohio's dormancy statute, R.C. 2329.07, provides that "[i]f neither execution on a judgment rendered in a court of record or certified to the clerk of the court of common pleas in the county in which the judgment was rendered is issued * * * within five years from the date of the judgment * * *, then * * * the judgment shall be dormant and shall not operate as a lien upon the estate of the judgment debtor." This court has held that a decree for alimony is not a judgment within the meaning of Ohio's dormancy and revivor statutes. *Lemert v. Lemert* (1905), 72 Ohio St. 364, 368, 74 N.E. 194. In *Smith v. Smith* (1959), 168 Ohio St. 447, 450–451, 7 O.O.2d 276, 156 N.E.2d 113, we expanded on this principle, holding that an installment support order is not subject to Ohio's dormancy and revivor statutes *at least until* the rights of the parties with respect to the unalterable amount remaining due on the order are fixed. In reaching this conclusion, this court reasoned that an installment support order or judgment is unique as compared to other judgments due to its uncertainty of amount. Id. at 450, 7 O.O.2d 276, 156 N.E.2d 113. Applying that same rationale to this case, we hold that once an installment support order is reduced to a lump-sum judgment, the obligation becomes a fixed and unalterable amount, and, thus, Ohio's dormancy and revivor statutes, R.C. 2329.07 and 2325.15, begin to apply.

{¶ 16} The mere fact that Wilma Mason's judgments involve spousal support arrearages does not exempt them from the provisions of Ohio's dormancy statute. Indeed, R.C. 2329.07 does not contain any language excluding or exempting lump-sum judgments for spousal support arrearages from its provisions. Moreover, this court in *Smith* excluded installment support orders from Ohio's dormancy and revivor provisions not because of the fact that the order involved support, but because of the uncertainty of the amount that would be due on the order. *Smith v. Smith*, 168 Ohio St. at 451, 7 O.O.2d 276, 156 N.E.2d 113.

{¶ 17} Here, the judgments that Wilma Mason attempted to attach through a creditor's bill are not installment support orders. Rather, Wilma Mason converted spousal support arrearages in 1991 and 1992 into postdivorce lump-sum judgments. Unlike an installment support order, the 1991 and 1992 judgments are not uncertain in amount. Therefore, the dormancy provisions of the laws of Ohio applied to Wilma Mason's 1991 and 1992 postdivorce judgments from the date of their issuance. Since Wilma Mason did not execute upon these judgments within five years from the date of their issuance, the judgments were dormant until she revived them on April 4, 2002.

## Legatee's Interest in An Estate

{¶ 18} Next, this case presents the question of when a legatee's interest in an estate converts from an equitable interest attachable by a creditor's bill to a legal interest subject to garnishment. Garnishment is an action in law "by which a creditor seeks satisfaction of the indebtedness out of an obligation due the debtor from a third person, the garnishee." *Union Properties, Inc. v. Patterson* (1944), 143 Ohio St. 192, 195, 28 O.O. 111, 54 N.E.2d 668. Alternatively, a creditor's bill is an action in equity by which a judgment creditor seeks to subject an interest of the judgment debtor that cannot be reached on execution to the payment of the creditor's existing judgment. Id.; see, also, R.C. 2333.01.

{¶ 19} In *Orlopp v. Schueller* (1905), 72 Ohio St. 41, 73 N.E. 1012, this court addressed the issue of whether a creditor can attach a legatee's interest in an estate through a garnishment action. In that case, this court ruled that a legatee's interest in an estate cannot be reached by garnishment before an order of distribution is made. Id. at paragraph one of the syllabus. This court held that as long as an estate remains unsettled, or at least until an order of distribution is made, the property in the estate does not vest in, or become the property of, the legatee. Id. at 58–59, 73 N.E. 1012. In reaching such a conclusion, this court explained that, even if an executor could say that there would probably be something due to the legatee, the legatee's interest remains uncertain and contingent until an order of distribution or final settlement.

{¶ 20} By contrast, in *Union Properties, Inc. v. Patterson*, this court held that a judgment creditor may reach a legatee's interest in an estate through a creditor's bill before an order of distribution is made. 143 Ohio St. 192, 28 O.O. 111, 54 N.E.2d 668, at syllabus. Accordingly, the above cases establish a precedent that a legatee's interest in an estate is equitable and attachable by a judgment creditor only by a creditor's bill prior to an order of distribution or final settlement and is a legal interest subject to garnishment after an order of distribution or final settlement.

{¶ 21} Since *Orlopp* and *Union Properties*, changes have been made to the Revised Code regarding the probate process. Now, R.C. 2113.53(A) permits the administrator or executor of an estate to distribute the assets of an estate at any time after his or her appointment, thus negating the requirement that the fiduciary have an order of distribution before distributing funds or assets of the estate. However, this change does not alter the nature of a legatee's interest in an estate as set forth in the above precedent. The fact that R.C. 2113.53 gives the fiduciary discretion to distribute estate assets at any time after appointment does not also mean that the statute confers on the legatee a right of possession immediately after the appointment. Although the fiduciary, once appointed, may

make a distribution at any time, he or she is *required* to do so only when ordered by the probate court. See R.C. 2109.36.

{¶ 22} Therefore, even though a legatee may possess an expectancy in the estate's assets, it is only a contingent, equitable interest until such time as there is an order of distribution by the probate court or an action by the fiduciary to distribute the assets of the estate prior to an order of distribution. Accordingly, a legatee's interest in an estate is equitable and attachable only by a creditor's bill until the probate court makes an order of distribution or until the fiduciary holds a definite amount ready to distribute to the legatee. After that point, the legatee's interest in the estate becomes an attachable legal interest subject to garnishment.

## Conclusion

{¶ 23} As the lower court explained, the executor of Dorothy Mason's estate did not have a definite amount ready to distribute to Richard Mason under the terms of his mother's will until the February 12, 2002 sale of real property in the estate. Prior to that sale, Richard Mason's interest in the estate was equitable and attachable only by a creditor's bill. However, after the February 12, 2002 sale, Richard Mason's interest in the estate became a legal interest subject to garnishment.

{¶ 24} Although Wilma Mason was the first to file a creditor's bill when Richard Mason's interest in the estate was equitable, the 1991 and 1992 judgments that served as the basis of her creditor's bill were dormant and, therefore, unenforceable at the time she filed her action. Moreover, Rakestraw & Rakestraw failed to properly attach Richard Mason's interest in the estate because it filed a garnishment action when Richard's interest was still an equitable interest and filed a creditor's bill after Richard's interest in the estate became a legal interest subject to garnishment. Therefore, Lila Fagan was the first to properly attach Richard Mason's interest in the estate by a garnishment action following the February 12, 2002 sale.

{¶ 25} As between Wilma Mason and Rakestraw & Rakestraw, Rakestraw & Rakestraw revived its 1994 judgment against Richard Mason and attempted to attach Richard's interest in the estate by a garnishment and creditor's bill before Wilma Mason revived her 1991 and 1992 dormant judgments. Therefore, we agree with the lower court's determination that the priority of the competing claims against Richard Mason's share of his mother's estate is as follows: (1) Lila Fagan, (2) Rakestraw & Rakestraw, and (3) Wilma Mason.

Judgment affirmed.

MOYER, C.J., PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

John A. Kissh Jr., for appellant and cross-appellee, Wilma J. Mason.

Rakestraw & Rakestraw, Adam E. Rakestraw, and Gregory A. Rakestraw, for appellee and cross-appellant, Rakestraw & Rakestraw.

Robroy L. Crow, for appellee, Lila Fagan.

Jim Petro, Attorney General, Douglas R. Cole, State Solicitor, Diane Richards Brey, Deputy Solicitor, and Henry G. Appel, Assistant Solicitor, urging reversal for amicus curiae, Ohio Attorney General.