[Cite as *In re R.P.*, 2012-Ohio-4799.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

IN RE: R.P.

C.A. No.     26271

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     DN07-07-0694

DECISION AND JOURNAL ENTRY

Dated: October 17, 2012

CARR, Presiding Judge.

{¶1}    Appellant, Julian T. ("Father"), appeals from the judgment of the Summit County Court of Common Pleas, Juvenile Division.  This Court reverses.

I.

{¶2}    Tiara P. ("Mother") gave birth to R.P. on July 11, 2007.  Both Mother and R.P. tested positive for cocaine.  The next day, Summit County Children Services Board ("CSB") removed the infant from the hospital and filed a complaint in juvenile court, alleging that R.P. was an abused and dependent child.  The agency claimed that Mother had ongoing problems with substance abuse.  The agency also pointed to the fact that R.P. is Mother's sixth child in the last seven years and that her other five children have all been removed from her care.  The oldest three children are in the legal custody of the maternal grandmother, the fourth is in the legal custody of a maternal cousin, and the fifth is currently in the temporary custody of the agency. The complaint asserts that, at the time, CSB did not know the identity or whereabouts of R.P.'s

father. Mother reportedly left town after she was released from the hospital and did not leave a forwarding address.

{¶3} The juvenile case proceeded in the absence of both parents. In due course, the trial court entered an adjudication of abuse and granted temporary custody to the agency. The agency placed R.P. with a maternal cousin and his wife, Donald and Angela Athey, a couple who already had legal custody of Mother's fourth child. On November 7, 2007, the agency moved for legal custody to the Atheys, and on December 21, 2007, the trial court granted the motion.

{¶4} Three years later, in February 2011, CSB telephoned Julian T. ("Father") to inquire whether he might be the father of a subsequently-born child of Mother. Father claims that, during that telephone call, he first learned of the 2007 proceedings regarding R.P. and that R.P. had been placed in the legal custody of relatives. Upon receiving that information, Father obtained counsel, established his paternity, and filed motions for relief from judgment under Civ.R. 60(B)(5), visitation, and legal custody.

{¶5} The legal custodians opposed Father's motion for relief from judgment and his motion for legal custody. The trial court denied the motion for relief from judgment on the grounds that Father failed to comply with the requirements of Civ.R. 60(B). Father appeals from that order and assigns two errors for review.

II.

**Assignment of Error I**

THE JUVENILE COURT COMMITTED REVERSIBLE ERROR BY IMPROPERLY FINDING THAT SERVICE ON "JOHN DOE" WAS PERFECTED BY POSTING.

{¶6} Father asserts that the trial court erred in failing to vacate its judgment granting legal custody of R.P. to relatives. He claims that the judgment is void because the original

service of process was ineffective and the trial court never obtained personal jurisdiction over him. The question of whether Father received proper notice of the proceedings involving his child is a legal question that is reviewed by this Court de novo. *State ex rel. DeWine v. 9150 Group L.P.*, 9th Dist. No. 25939, 2012-Ohio-3339, ¶ 8.

**{¶7}** Father claims that, on July 13, 2007, the day of the shelter care hearing, he placed two calls to CSB, telling the agency that he might be the father of R.P. and informing the agency of his telephone number. Father claims he made the calls out of concern that Mother might harm the child because she was addicted to cocaine. The agency nevertheless proceeded on the notion that the child's father was unknown and attempted service of the father by publication in the name of John Doe. Eventually, the agency obtained an order granting legal custody of R.P. to maternal relatives of the child.

**{¶8}** On May 24, 2011, Father sought to vacate that judgment on the basis that he had never properly been served with notice of the action. The trial court summarized Father's claim as follows: "Father alleges that [CSB] committed a fraud upon the court when [CSB] failed to serve or name father in [this] case even though [CSB] had contact information for Father and knowledge that he believed he may have been the Father of R.P." The trial court denied Father's motion because it found that he failed to meet two of the requirements of Civ.R. 60(B): i.e., that he failed to demonstrate a meritorious claim and he failed to bring the motion within a reasonable time under the rule. *See GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. For the reasons that follow, this Court sustains Father's first assignment of error.

**{¶9}** During the 2007 proceedings, the agency consistently maintained that no person claiming to be the father of R.P. had contacted the agency, but after Father filed his motion for

relief from judgment, the agency changed its earlier position and conceded that Father did call its office early in the proceedings, informed the agency that he might be the father of R.P. and provided the agency with his telephone number. CSB added that Father requested that the agency maintain his anonymity and also admitted that the agency obtained Father's address "at some point." On appeal, the legal custodians have accepted the validity of these facts. There is no evidence in the record that anyone at the agency informed Father of the 2007 court action while it was ongoing. Nor is there any evidence that Father attended any of the proceedings in 2007 or that he otherwise appeared in that action. Nevertheless, for purposes of securing personal jurisdiction, "it does not matter that a party has actual knowledge of the lawsuit and has not in fact been prejudiced by the method of service." *Bell v. Midwestern Educational Serv., Inc.*, 89 Ohio App.3d 193, 203 (1993), citing *Haley v. Hanna*, 93 Ohio St. 49 (1915).

{¶10} "The jurisdiction of the juvenile court does not attach until notice of the proceedings has been provided to the parties." *In re Miller*, 33 Ohio App.3d 224, 225-226 (8th Dist.1986). Parents are parties to custody proceedings and must, therefore, be served. Loc.R. 6.02 of the Court of Common Pleas of Summit County, Juvenile Division; Juv.R. 2(Y). A lack of service of summons will render a custody order invalid and void ab initio. *Williams v. Williams*, 44 Ohio St.2d 28, 31 (1975); *In re B.P.H.*, 12th Dist. No. CA2006-04-090, 2007-Ohio-1366, ¶ 14. Accordingly, a judgment rendered without proper service is a nullity and void. *Maryhew v. Yova*, 11 Ohio St.3d 154, 156 (1984); *Lincoln Tavern, Inc. v. Snader*, 165 Ohio St. 61, 64 (1956); *CompuServe, Inc. v. Trionfo*, 91 Ohio App.3d 157, 161 (10th Dist.1993).

{¶11} With few exceptions inapplicable here, when the residence of a party is unknown, service by publication – whether by newspaper or posting and mail – is required. Juv.R. 16(A); Loc.R. 6.03(A) of the Court of Common Pleas of Summit County, Juvenile Division. Because

"[s]ervice by publication is a method of last resort; [] the requirements of Juv.R. 16(A) are mandatory and shall be strictly enforced." *In re Miller*, 33 Ohio App.3d at 226. *See also Anstaett v. Benjamin*, 1st Dist. No. C-010376, 2002-Ohio-7339, ¶ 14, citing *Moor v. Parsons* 98 Ohio St. 233, 238 (1918).

{¶12} Any request for service by publication must be accompanied by an affidavit executed by the party or the party's attorney stating that service cannot be made because the residence of the person is unknown and that the person's residence cannot be ascertained with reasonable diligence. Juv.R. 16(A); Loc.R. 6.03(B) of the Court of Common Pleas of Summit County, Juvenile Division. The affidavit must also set forth what attempts were made to ascertain the address of the person. *Id.*

{¶13} The facts regarding the attempted service of R.P.'s father are as follows. A CSB employee prepared an affidavit for the purpose of requesting service of summons by posting. In her affidavit of July 31, 2007, she specifically affirmed: "No man has come forward claiming to be the father of this child." The affiant stated that the residences of both parents were unknown and could not be ascertained with reasonable diligence. In attesting to the attempts made to ascertain the addresses of the parents, the affiant listed: "Lexis-Nexis; SCCJIS; ODRC; and CRIS-E." The affiant made no reference to Father's telephone call to the agency, and she did not include calling the telephone number listed by Father among the efforts utilized to ascertain Father's address.

{¶14} When the process of posting was completed, in-house counsel for CSB prepared an affidavit of completion. In her affidavit, she affirmed that service of summons cannot be made on "John Doe, the father" because his place of residence is unknown and further that "[n]o other man has come forward claiming to be the father of said child."

{¶15} Father has argued that the agency's attempted service on him was defective for two reasons. First, he claims he was not unknown to the agency as the father of R.P. in that he had notified the agency of that possibility and provided the agency with his telephone number. Although the agency denied any knowledge of Father and his telephone call during the 2007 proceedings, the agency and the legal custodians have now conceded that Father's claims are true.

{¶16} Second, Father argues that the agency did not use reasonable diligence in attempting to ascertain his residence. Despite having Father's telephone number, there is no evidence that the agency attempted to call Father to obtain his address. "Minimal efforts do not constitute reasonable diligence[;]" rather, it is demonstrated by "'such diligence, care, or attention as might be expected from a man of ordinary prudence and activity.'" *Sizemore v. Smith*, 6 Ohio St.3d at 332, quoting Black's Law Dictionary 412 (5 Ed.1979). By any measure, the failure to return a telephone call to an admitted possible father does not amount to reasonable diligence.

{¶17} As a final point, there is no evidence that the agency informed the trial court that a potential father of R.P. had contacted the agency until after Father filed his motion for relief from judgment. Pleadings, testimony, and attestations by the CSB caseworker and counsel during the 2007 proceedings repeatedly indicated that no one claiming to be the father of R.P. had contacted the agency.

{¶18} Upon review, the record reveals that the agency failed to comply with the applicable rules of procedure. The agency is, therefore, not accorded a presumption of proper service that compliance with the civil rules normally permits. *See W2 Properties, L.L.C. v Haboush*, 196 Ohio App.3d 194, 2011-Ohio-4231, at ¶ 15 (1st Dist.). Publication service is

reserved for those cases in which the residence of the parent is unknown and is not ascertainable with reasonable diligence. Juv.R. 16(A); Loc.R. 6.03(B) of the Court of Common Pleas of Summit County, Juvenile Division. CSB proceeded upon the false notion that no potential father of R.P. had contacted the agency, and so declared in the affidavit requesting publication service. "Service by publication based upon a false affidavit is defective." *Dragich v. Dragich*, 10th Dist. No. 86AP-178, 1986 WL 10409, at *1. *See also In re Miller*, 33 Ohio App.3d at 226 (service is defective when the record does not indicate reasonable diligence in ascertaining an address). Where service of original process is defective, and the court does not otherwise acquire jurisdiction of the defendant, the trial court lacks personal jurisdiction to proceed. *Dragich,* citing *Demianczuk. v. Demianczuk*, 20 Ohio App.3d 244 (8th Dist.1984). This is no less true in a child custody case. *See, e.g., B.P.H.*, at ¶ 19. "Where service of process has not been accomplished, any judgment rendered is void ab initio." *Id.* at ¶ 14. *See also Patton v. Diemer*, 35 Ohio St.3d 68 (1988); *CompuServe*, 91 Ohio App.3d at 161.

{¶19} The trial court overruled Father's motion solely on grounds relevant to Civ.R. 60(B). Although Father styled his motion as one brought under Civ.R. 60(B)(5), the motion specifically challenged the court's personal jurisdiction over him on the basis that he was never served with the original complaint. While a Civ.R. 60(B) motion for relief from judgment applies to judgments that are voidable, a common law motion to vacate is the appropriate means by which to challenge a judgment that is void. *State ex rel. DeWine v. 9150 Group L.P.*, 9th Dist. No. 25939, 2012-Ohio-3339, ¶ 7. This is so because Ohio courts have the inherent power to vacate a void judgment. *Patton*, 35 Ohio St.3d 68, at paragraph four of the syllabus. "Therefore, a common law motion to vacate a void judgment need not meet the standards applicable to a Civ.R. 60(B) motion." *9150 Group L.P.,* 2012-Ohio-3339, ¶ 7. *See also*

*CompuServe*, 91 Ohio App.3d at 161 (it is insignificant that a common law motion to vacate is titled as a Civ.R. 60(B) motion). *See also Dragich, supra* (decision reversed because of false affidavit and defective service though party brought action on Civ.R. 60(B)). Accordingly, because the judgment granting legal custody was void, it is inconsequential that Father's motion may not have been brought within a "reasonable time" under Civ.R. 60(B) or that he may have failed to demonstrate a meritorious claim if relief was granted, as found by the trial court.

{¶20} Further consideration of *Dragich, supra*, may be useful. In *Dragich*, the plaintiff offered an affidavit in support of his request for service by publication. The plaintiff knew the address of defendant at which she could be served, but instead, "fraudulently" obtained service by publication, secure in the knowledge that defendant would be in Yugoslavia at the time. *Id.* The defendant filed a motion under Civ.R. 60(B)(5) to set aside the previous judgment entry. The trial court found that plaintiff had obtained service by publication by false affidavit and held that relief might be obtained pursuant to Civ.R. 60(B)(5). The trial court denied the motion, however, because defendant had failed to demonstrate anything inequitable in the court's judgment. The court of appeals, per Judges McCormac, Moyer, and Whiteside, reversed the judgment of the trial court, finding service by publication based on a false affidavit to be defective. *Id.* at \*1. "In that event, the trial court lacks jurisdiction over the person upon which a default judgment can be granted." *Id.*

{¶21} Father's first assignment of error is sustained. Because personal jurisdiction never attached, the trial court judgment granting legal custody to the relatives is void and must be vacated. The judgment is remanded for further proceedings consistent with this opinion.

**Assignment of Error II**

THE JUVENILE COURT COMMITTED REVERSIBLE ERROR BY DENYING FATHER'S 60(B) MOTION WHEN SERVICE WAS NOT PERFECTED ACCORDING TO STATUTE, CSB MISREPRESENTED FUNDAMENTAL FACTS TO THE COURT THROUGHOUT THE PROCEEDINGS AND FATHER MET ALL THREE PRONGS OF THE TEST.

**{¶22}** Based on this Court's resolution of the first assignment of error, Father's second assignment of error has been rendered moot. *See* App.R. 12(A)(1)(c).

III.

**{¶23}** Father's first assignment of error is sustained. Father's second assignment of error is overruled as moot. The judgment of the Summit County Court of Common Pleas, Juvenile Division, is reversed and this matter is remanded for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

DICKINSON, J.
CONCURS.

BELFANCE, J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

DENISE E. FERGUSON, Attorney at Law, for Appellant.

ESTELLE FLASCK, Attorney at Law, for Appellee.