[Cite as *Three Dimes Ents., Inc. v. Arwen Inc.*, 2014-Ohio-2039.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| THREE DIMES ENTERPRISES, INC. | C.A. No. 27145 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| ARWEN, INC., et al. | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellants | CASE No. CV 2011 09 5392 |

DECISION AND JOURNAL ENTRY

Dated: May 14, 2014

HENSAL, Judge.

{¶1} Arwen, Inc. and the Estate of Jeffory Delagrange appeal a judgment of the Summit County Court of Common Pleas that granted in part and denied in part their motion to vacate judgment. For the following reasons, this Court affirms.

I.

{¶2} In 2000, Arwen purchased a drive-thru business from Three Dimes Enterprise, Inc. To finance the sale, Arwen and Mr. Delagrange executed and delivered to Three Dimes a cognovit promissory installment note for $250,000. Mr. Delagrange signed the note individually and as president of Arwen.

{¶3} Mr. Delagrange died in 2007. In 2011, Three Dimes filed a complaint against Arwen and Mr. Delagrange's estate, alleging that they had defaulted on the promissory note. The trial court entered judgment against them, and Three Dimes later garnished one of Arwen's bank accounts. The court also later appointed a receiver for Arwen.

{¶4}    In June 2013, the executor of Mr. Delagrange's estate moved to vacate the judgment against the Estate, arguing lack of subject matter jurisdiction. The Estate also requested that the court order Three Dimes to return the money it had garnished from Arwen's bank account. After receiving Three Dimes's opposition, the Estate and Arwen filed a joint response. Upon review of the motion, the trial court granted it in part, concluding that the judgment against the Estate was void because the power of attorney that Mr. Delagrange had executed at the time he signed the promissory note did not survive his death. The attorney who confessed judgment on behalf of the Estate, therefore, did not have sufficient authority. The court denied the motion with respect to Arwen. The Estate and Arwen have appealed, assigning three errors.

## II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED AS A MATTER OF LAW BY ITS FAILURE AND REFUSAL TO RECOGNIZE THAT THREE DIMES WAS OBLIGATED TO AND HAD FAILED TO PRESENT A CLAIM AGAINST THE ESTATE OF JEFFORY A. DELAGRANGE WITHIN 6 MONTHS FROM THE DATE OF HIS DEATH AND AS A RESULT, THREE DIMES WAS BARRED FROM FILING ITS COMPLAINT ON A COGNOVIT NOTE AGAINST ARWEN, INC., AN ASSET OF DECEDENT'S ESTATE.

{¶5}    The Estate and Arwen argue that Three Dimes's complaint against Arwen was time-barred under Revised Code 2117.06. That section provides that all claims against an estate "shall be presented within six months after the death of the decedent * * *." R.C. 2117.06(B). Any claims that are not presented within the six-month time frame "shall be forever barred * * *." R.C. 2117.06(C).

{¶6}    The Estate's and Arwen's argument fails because, under the terms of the promissory note, Mr. Delagrange and Arwen were "jointly and severally" liable for the

$250,000. When liability is joint and several, it is "apportionable at an adversary's discretion either among two or more parties or to only one or a few select members of the group[.]" *Black's Law Dictionary* (9th Ed.2009). Three Dimes, therefore, was able to sue Arwen or the Estate, or both, for the full balance of the unpaid debt. Three Dimes did not have to present a timely claim against the Estate in order to recover from Arwen. In addition, the fact that Arwen's corporate charter was cancelled by the Ohio Secretary of State in 2009 did not affect Three Dimes's right to obtain a judgment against it. R.C 1701.88(A), (C).

**{¶7}** The Estate and Arwen also argue that, by obtaining a judgment against Arwen, Three Dimes "seeks to subject assets of the estate * * * to the payment of a judgment wrongfully obtained." According to the Estate and Arwen, the Estate holds 250 shares of Arwen's stock. Three Dimes's judgment against Arwen does not alter that fact. While the value of those shares may be affected by the judgment against Arwen, Three Dimes has not gained ownership or control of any of those shares by virtue of the judgment. Further, the bank account garnished in this case is an account held by Arwen, and there is no argument proferred that this bank account, itself, is an asset of the Estate. We conclude that Mr. Delagrange's death did not affect Three Dimes's right to collect its judgment from the assets of Arwen for defaulting on the promissory note. The Estate's and Arwen's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY ITS FAILURE AND REFUSAL TO RECOGNIZE THAT THE INDEBTEDNESS WHICH ARWEN, INC. WAS OBLIGATED TO PAY TO THREE DIMES WAS PAID AND SATISFIED IN FULL ON OCTOBER 1, 2008.

**{¶8}** The Estate and Arwen next argue that the trial court should have vacated its judgment against Arwen because they did not default on the promissory note. According to

them, each month Arwen paid more than what was required and, consequently, extinguished the debt in October 2008.

{¶9} The Estate's and Arwen's argument addresses whether Three Dimes had a meritorious claim against them, not the jurisdiction of the trial court. As such, the only method by which Arwen would be entitled to relief is under Civil Rule 60(B). Yet, they did not raise that in the trial court. In its initial motion to vacate, the Estate argued that the trial court should vacate the judgment against it "for lack of jurisdiction over the subject matter." Three Dimes opposed the motion, arguing that the Estate had not satisfied the requirements of Rule 60(B). In their response to Three Dimes's opposition memorandum, the Estate and Arwen explained:

> [Three Dimes's] argument in opposition to Defendants' motion to vacate the judgment of this Court * * * is essentially based upon its contention that Defendants are requesting relief from a final judgment pursuant to Civ.R. 60(B). That contention is erroneous. Defendants submit that the judgment is void because the Court did not have jurisdiction over the Defendants and the subject matter of the lawsuit.

Further, the Estate and Arwen argued that "[a] motion to vacate a void judgment can be made at any time and it need not satisfy the requirements of a Civ.R. 60(B) motion." They also explained that, contrary to Three Dimes's understanding, "what is before the Court is the question of whether the trial court had jurisdiction over the cognovit note proceeding or whether it lacked jurisdiction * * *."

{¶10} The Estate's and Arwen's argument that the trial court should have vacated the judgment against Arwen because the promissory note was paid goes to the merits of Three Dimes's cause of action, not the jurisdiction of the trial court over its claims. Therefore, in order to succeed on that argument, the Estate and Arwen would have had to seek relief under Civil Rule 60(B). *See In re R.P.*, 9th Dist. Summit No. 26271, 2012-Ohio-4799, ¶ 19 ("While a Civ.R. 60(B) motion for relief from judgment applied to judgments that are voidable, a common law

motion to vacate is the appropriate means by which to challenge a judgment that is void."). In light of the fact that Estate and Arwen specifically told the trial court that their motion did not seek relief under Rule 60(B) and did not make any arguments to the court regarding that rule, they may not seek to overturn the trial court's decision on that basis on appeal. *Deutsche Bank Natl. Trust Co. v. Holden*, 9th Dist. Summit No. 26970, 2014-Ohio-1333, ¶ 16. The Estate's and Arwen's second assignment of error is overruled.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION BY ITS FAILURE TO RECOGNIZE THAT THREE DIMES'S ONLY CLAIM FOR RELIEF WOULD HAVE BEEN ON A CREDITOR'S BILL SINCE DECEDENTS'S SHARES OF STOCK IN ARWEN, INC. WERE BEING ADMINISTERED BY THE FIDUCIARY AS PART OF THE ESTATE PROCEEDING.

**{¶11}** The Estate and Arwen argue that, because Mr. Delagrange's shares in Arwen were being administered by the fiduciary of an estate, Three Dimes's only remedy against Arwen was on a creditor's bill. They note that, in *Union Properties, Inc. v. Patterson*, 143 Ohio St. 192 (1944), the Ohio Supreme Court held:

A judgment creditor, during the administration of an estate in the Probate Court and before an order of distribution is made, may maintain an action in the nature of a creditor's bill in the Court of Common Pleas to reach an interest of the judgment debtor-legatee in funds or property in the hands of the executor of such estate.

*Id*. at syllabus. According to the Estate and Arwen, Three Dimes had no right to recover against Arwen.

**{¶12}** There are multiple flaws in the Estate's and Arwen's argument. First, their argument addresses whether Three Dimes stated a claim against Arwen, not the underlying jurisdiction of the trial court. In order to succeed on that argument, however, their motion to vacate would have to satisfy the requirements for a motion for relief from judgment under Civil

Rule 60(B).  As previously noted, the Estate and Arwen explicitly denied that they were seeking relief under Rule 60(B).  Even if the Estate and Arwen had preserved their argument, we note that, since Arwen was a signatory to the promissory note and was jointly and severally liable for the debt, it was appropriate for Three Dimes to seek relief from Arwen when it believed that the note was in default.  The Estate and Arwen also appear to be under the mistaken impression that Three Dimes sought to acquire possession and control of the Estate's shares of Arwen stock.  In its complaint, however, Three Dimes merely sought a judgment against Arwen for the remaining balance of the promissory note plus interest.  Furthermore, there is no authority to support the Estate's and Arwen's theory that a corporation cannot be sued if some of its shares are the assets of an estate.  The Estate's and Arwen's third assignment of error is overruled.

III.

{¶13}  The trial court correctly denied the motion to vacate judgment with respect to Three Dimes's claims against Arwen.  The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

JENNIFER HENSAL
FOR THE COURT

BELFANCE, P. J.
WHITMORE, J.
CONCUR.


APPEARANCES:

ARTHUR AXNER, Attorney at Law, for Appellants.

R. SCOTT HALEY, Attorney at Law, for Appellee.