**[Cite as *In re Estate of Goubeaux*, 2023-Ohio-647.]**

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
DARKE COUNTY

ESTATE OF                                    :
LEONARD JOSEPH GOUBEAUX,                      :
aka LEONARD J. GOUBEAUX                       :     C.A. No. 2022-CA-7
                                             :
                                             :     Trial Court Case No. 20-1-034
                                             :
                                             :     (Appeal from Common Pleas Court-
                                             :     Probate Division)
                                             :
                                             :

. . . . . . . . . . .

O P I N I O N

Rendered on March 3, 2023

. . . . . . . . . . .

MARY E. WARRICK and WILFRID G. DUES, Attorneys for Appellants

SARAH G. WORLEY, Attorney for Appellee

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Four grandchildren of decedent Leonard J. Goubeaux appeal from the trial court's July 5, 2022 entry construing the decedent's will to resolve a dispute regarding the distribution of proceeds from the sale of the decedent's Kentucky real estate.

{¶ 2} The grandchildren—Michael, Harrison, Jack, and Chase Detrick—first

contend the trial court erred in declaring its July 5, 2022 entry to be an appealable order. Although the grandchildren have appealed from the entry to protect their rights, they assert that it does not qualify as a final order under R.C. 2505.02(B). Alternatively, if the trial court's July 5, 2022 entry is appealable, the grandchildren maintain that the trial court erred in applying the doctrine of "deviation" to order the real-estate sale proceeds distributed contrary to the terms of their grandfather's will.

{¶ 3} We conclude that the trial court's July 5, 2022 entry does not qualify as a final order under R.C. 2505.02(B). Therefore, we lack jurisdiction to address the merits of the entry, and the appeal must be dismissed.

## I. Background

{¶ 4} Leonard Goubeaux died testate in November 2019. His will named his children, Greg Goubeaux and Sandee Detrick, as co-executors. As relevant here, Item I of the will provided for the payment of all debts of Leonard's estate. Item II left a boat and trailer to Sandee. Item III provided for real estate Leonard owned on Lake Cumberland in Kentucky to be held in a trust for the benefit of Greg and Sandee for their lives. Greg and Sandee also were to be trustees during their lives. Upon their death, Item III provided for the use of the real estate to pass to Leonard's grandchildren during their lives. Item III additionally provided for the trust to terminate upon the occurrence of one of three events: (1) the agreement of all the grandchildren to sell the real estate, (2) the death of the last living grandchild, or (3) the existence of insufficient funds in the trust to pay the taxes and other expenses of the real estate. Item III then provided: "Upon the termination of the Trust, any proceeds remaining in said trust shall be divided equally among the

grandchildren and their heirs per stirpes." Finally, Item V of the will provided for "all of the rest and residue" of Leonard's real and personal property to be divided equally between Greg and Sandee.

{¶ 5} Greg and Sandee began probating the will in January 2020. During the course of those proceedings, they were required to sell the Lake Cumberland real estate to satisfy a mortgage on the property and other debts. Greg and Sandee signed the sale documents in their capacity as executors of Leonard's estate. The sale occurred in November 2020 and resulted in net proceeds of $190,722.55 to the estate. Thereafter, a dispute arose regarding distribution of the proceeds. On several occasions, Greg, Sandee, and the grandchildren attempted to resolve and settle their disagreement without success. In November 2021, the parties' respective counsel jointly asked the trial court to schedule a pretrial conference and to provide direction regarding how to proceed. In a December 2021 order, a magistrate acknowledged concerns about allegedly "ambiguous language" in the will. The magistrate noted, however, that no complaint had been filed raising any specific issues for the probate court to resolve. The magistrate declined to schedule a hearing or provide any guidance in the absence of a motion or complaint raising specific issues.

{¶ 6} The next two entries in the record are a March 2022 "pretrial brief" filed by Greg and a May 2022 response filed by the grandchildren. In his filing, Greg argued that the Lake Cumberland property never went into a trust. He claimed no trust was created because he and Sandee were required to sell the real estate to satisfy Leonard's debts. Greg argued that the residuary clause in Item V of the will entitled him to one-half of the

estate assets, including the net proceeds from the Lake Cumberland property. Alternatively, assuming arguendo that a testamentary trust did exist and that it was funded with the proceeds of the real-estate sale, Greg argued that he was entitled to funds equal to a life-estate interest in the property.

{¶ 7} In their responsive brief, the grandchildren argued that the Lake Cumberland property passed immediately into a trust upon Leonard's death with title to the property vesting in Greg and Sandee as trustees. The grandchildren argued that Greg and Sandee necessarily sold the property in their capacity as both executors and as trustees. The grandchildren also asserted that their own signatures had been obtained giving their permission for the property to be sold. They argued that their signatures would have been unnecessary if no trust existed. Finally, the grandchildren asserted that once the trust was terminated and the real estate was sold, Item III of the will granted them the net proceeds to be divided equally among themselves.

{¶ 8} In June 2022, while the foregoing briefs remained pending in the trial court, the grandchildren filed a motion to have Greg removed as co-executor. They cited his refusal to sign a final accounting that already had been signed by Sandee, their mother. Greg opposed the motion, noting that his refusal to sign stemmed from the parties' dispute over disposition of the Lake Cumberland sale proceeds. Greg requested a hearing for the trial court to construe the will.

{¶ 9} The next entry in the record is the trial court's July 5, 2022 judgment entry. The trial court found no need for a hearing. It noted that Leonard's "plan for the Kentucky property never came to pass" because it was sold to pay estate debts. The trial court

found that "[a]ll parties (adult children and grandchildren) participated in the sale." With regard to the proceeds from the sale, the trial court reasoned:

> Both briefs speak to the principle that the Court is to carry out the intentions of the testator to the extent possible. Leonard J. Goubeaux's intent was for his land and cabin to be enjoyed by his children and grandchildren. His planning and the specific terms of his trust never came to pass due to circumstances out of his control. The debts of the estate made it impossible to carry out the trust as intended.
>
> Under the doctrine of deviation, a Court can direct or permit a deviation from the terms of a trust where compliance is illegal or impossible, or where owing to circumstances not known to the settlor and not anticipated by him compliance would defeat or substantially impair the accomplishment or purposes of the trust. *Daloia v. Franciscan Health* (1997), 79 Ohio St.3d 98; *Carnahan v. Johnson* (1998), 127 Ohio App.3d 195. The *Carnahan* decision speaks to the principle that if trust assets are liquidated, the sale proceeds are merely a substitute for the assets and should be distributed as originally intended.
>
> The intent of Leonard J. Goubeaux's will was for his Kentucky property to be enjoyed by his children and grandchildren, potentially for decades to come. While that did not happen, it is more than obvious that Leonard J. Goubeaux wanted the entire group of individuals to benefit from the property. It would not be consistent with the will to completely exclude

any party.

The Court finds that the appropriate solution is to award each party its respective interest in the property as of the date of death of Leonard J. Goubeaux. Life estate interests can be valued through guidance from the Code of Federal Regulations and the Internal Revenue Service. Based upon the said guidance and relevant I.R.S. actuarial tables, the life interest for Greg K. Goubeaux would be 41.278 % (.41278), divided by 2 since the life estate is shared with another individual. Thus, Greg K. Goubeaux's interest is 20.639 %. Similarly, Sandee Detrick's interest is 40.313% (.40313) divided by 2, or 20.1565%. The Court would then divide the remainder among the four grandchildren (the valuations are explained further in the exhibit attached to this Entry). The Court therefore finds that the proceeds derived from the sale of assets in Item III of decedent's will shall be divided as follows:

| | |
|---|---|
| Greg Goubeaux | 20.639% |
| Sandy Detrick | 20.1565% |
| Michael Detrick | 14.801125% |
| Harrison Detrick | 14.801125% |
| Jack Detrick | 14.801125% |
| Chase Detrick | 14.801125% |

The Court will separately direct the deputy clerk to schedule a Status Conference in 45-60 days. The time period is set forth so that any party can

appeal this decision, if so desired. As such, no distribution shall be made prior to the Status Conference unless the Court's guidance resolves the entire matter in which case the Court will approve final distribution upon the written consent of all parties.

The Court will defer any ruling upon the Motion to Remove Co-Executor pending the Status Conference.

July 5, 2022 Judgment Entry at 2-3.

{¶ 10} Shortly after the trial court's ruling, the grandchildren moved for a hearing to address various issues, and Greg moved for reconsideration of the trial court's July 5, 2022 entry. For its part, the trial court filed a July 27, 2022 entry stating that it intended its July 5, 2022 judgment entry "to be its final decision in this matter, and therefore a final appealable order." This appeal by the grandchildren followed.

## II. Analysis

{¶ 11} We begin our analysis by noting that an appellate court has jurisdiction to review only final orders or judgments of lower courts. Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505.02. We have no jurisdiction to review an order or judgment that is not final, and we must dismiss an appeal taken therefrom. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989). Final orders are defined in R.C. 2505.02(B).

{¶ 12} In their first assignment of error, the grandchildren challenge the trial court's determination that its July 5, 2022 entry is an appealable order. Although they have appealed from the entry to protect their rights, they contend it is not a final order under

R.C. 2505.02(B). The grandchildren claim the trial court's entry does not satisfy any of the definitions of a final order under the statute. They note that estate assets have not been distributed and no final accounting has been filed. Finally, they point out that their motion for a hearing to address unresolved issues remains pending along with their motion to remove Greg as co-executor and Greg's own motion for reconsideration, which addresses the trial court's calculation of the life-estate percentage to which he is entitled. The grandchildren argue that any proposed distribution based on the trial court's July 5, 2022 entry can be challenged by the filing of an exception after a final accounting.

{¶ 13} In response, Greg contends the trial court's July 5, 2022 entry is a final order pursuant to R.C. 2505.02(B)(2), which defines such an order as one "that affects a substantial right made in a special proceeding[.]" He argues that probate-court matters are "special proceedings," that his entitlement to a distribution under the will is a substantial right, and that the trial court's entry affects the substantial right. On the last issue, Greg contends the court-ordered division of life-estate interests and remainders will be required in a final accounting. Therefore, he reasons that he will have no opportunity to litigate the issue during the hearing on the final account. He also argues that beneficiaries may spend the money after a distribution and prior to resolution of an appeal.

{¶ 14} Upon review, we conclude that the July 5, 2022 entry from which the grandchildren have appealed is not a final order under R.C. 2505.02(B). For present purposes, we accept that proceedings in probate court generally qualify as "special proceedings" under the statute. We also do not doubt that any rights granted under the

decedent's will qualify as "substantial rights." The trial court's order is not immediately appealable, however, because it does not affect a substantial right.

{¶ 15} An order affects a substantial right only where an immediate appeal is required to protect the right. *Quesinberry v. Quesinberry*, 2021-Ohio-4680, 185 N.E.3d 1136, ¶ 24 (2d Dist.). In other words, "[a]n order affecting a substantial right is one that, if not immediately appealable, would foreclose appropriate relief in the future." *State v. Zimpfer*, 2d Dist. Montgomery No. 27705, 2018-Ohio-2430, ¶ 11, citing *Bell v. Mt. Sinai Med. Ctr.*, 67 Ohio St.3d 60, 63, 616 N.E.2d 181 (1993). "[T]he mere existence or implication of a substantial right in a case is insufficient to create a final order." *Crown Servs., Inc. v. Miami Valley Paper Tube Co.*, 162 Ohio St.3d 564, 2020-Ohio-4409, 166 N.E.3d 1115, ¶ 16, citing *Bell* at 63. The situation must be such that absent an immediate appeal "the impact of the order upon the appellant's legal rights cannot effectively be examined by the appellate court and appropriate relief granted if warranted." *State v. Chalender*, 99 Ohio App.3d 4, 7, 649 N.E.2d 1254 (2d Dist.1994).

{¶ 16} Here the parties had two avenues available if they wanted to appeal immediately from an order of the trial court construing the decedent's will. First, R.C. 2107.46 authorizes a fiduciary or beneficiary to file a separate action in probate court to obtain judicial guidance concerning a will, the property to be administered, or the rights of the parties involved. Second, the same objective can be accomplished by filing a separate declaratory-judgment action in probate court. *See, e.g., Sessions v. Skelton*, 163 Ohio St. 409, 414-15, 127 N.E.2d 378 (1955); 1 Baldwin's Oh. Prac. Merrick-Rippner Prob. L. § 44:2.

{¶ 17} A final order construing a decedent's will under either R.C. 2107.46 or the declaratory-judgment act would dispose of that action and would have preclusive effect in related probate proceedings. *Tiedtke v. Tiedtke*, 91 Ohio App. 442, 447-448, 108 N.E.2d 578 (6th Dist.1951), *aff'd,* 157 Ohio St. 554, 106 N.E.2d 637 (1952). Such an order would be appealable immediately. *Beyoglides v. Elmore*, 2d Dist. Montgomery No. 24905, 2012-Ohio-3979, ¶ 11 (recognizing that a probate-court order construing a will in an action filed under R.C. 2107.46 is a final order).

{¶ 18} In the present case, however, the parties did not proceed through a separate action under R.C. 2107.46 or the declaratory-judgment act. Instead, they raised their arguments about construction of the decedent's will in the will-probate proceeding itself. The trial court undoubtedly had authority to resolve the controversy in that context, as R.C. 2101.24(A)(1)(k) vests a probate court with exclusive jurisdiction to construe wills. But unlike an order construing a will under R.C. 2107.46 or the declaratory-judgment act, the trial court's July 5, 2022 entry is interlocutory because the probate action remains pending with unresolved issues.

{¶ 19} Finally, we are unconvinced that the trial court's interlocutory ruling regarding disposition of the net proceeds from the Lake Cumberland property affects a substantial right. Under Ohio law, assets from a testate decedent's estate may be distributed in at least three ways. First, an executor has discretion to make a distribution at any time without a court order of distribution. *In re Estate of Mason*, 109 Ohio St.3d 532, 2006-Ohio-3256, 849 N.E.2d 998, ¶ 21, citing R.C. 2113.53(A). That appears unlikely to happen here given the dispute between co-executors Greg and Sandee

regarding proper distribution. Second, a beneficiary may file an application for an order of distribution of estate assets. If a probate court makes a distribution pursuant to such an application, the "order of distribution shall have the effect of a judgment" and "may be reviewed upon appeal[.]" R.C. 2109.36. Finally, assets may be distributed in connection with a final account, distribution, and closure of the estate. Under R.C. 2109.32(A), "[e]very fiduciary's account * * * shall be set for hearing before the probate court." The probate court "shall inquire into, consider, and determine all matters relative to the account and the manner in which the fiduciary has executed the fiduciary's trust * * * and may order the account approved and settled or make any other order as the court considers proper." *Id.* Once again, "[t]he order of the probate court upon the settlement of a fiduciary's account shall have the effect of a judgment[.]" R.C. 2109.35; *see also In re Estate of Perry*, 12th Dist. Butler No. 2007-03-061, 2008-Ohio-351, ¶ 47 (recognizing that even rulings on exceptions to a fiduciary's account are not immediately appealable as future relief is not foreclosed because an appeal may be taken from a probate-court order actually approving or settling an account).

{¶ 20} Here we discern no reason why an effective appeal cannot be taken from a future distribution of assets, either pursuant to a court order on the application of a beneficiary or in conjunction with a court-approved final account, distribution, and closure of the estate. In either circumstance, Ohio law recognizes that the applicable order shall have the effect of a judgment.

{¶ 21} Having determined that the trial court's July 5, 2022 entry is not a final order under R.C. 2505.02(B)(2) or any other portion of the statute, we sustain the

grandchildren's first assignment of error.

### III. Conclusion

**{¶ 22}** The above-captioned appeal is dismissed for lack of an appealable order.

. . . . . . . . . . . .

EPLEY, J. and LEWIS, J., concur.